## WACASIE *v.* RADFORD.

FISH, C. J. **1.** A deed made to secure an usurious loan is void. Civil Code (1910), § 3442.

**2.** The grantee in a security deed tainted with usury can not, as against the maker thereof, convey a good title, even to a person who takes bona fide, before maturity, for value, and without notice of the fact of usury. *Pottle* v. *Lowe,* 99 *Ga.* 576 (27 S. E. 145, 59 Am. St. R. 246); *Beach* v. *Lattner,* 101 *Ga.* 357 (2), 365 (28 S. E. 110).

(*a*) Accordingly, if a deed were made to secure an usurious loan and contained a power to sell on failure to make payment in accordance with the contract, and if, upon the failure of the debtor to pay, the creditor exercised the power of sale, the purchaser at such sale did not obtain a good title by virtue thereof as against the maker of the deed.

(*b*) The mere fact of making the deed, if it were infected with usury, did not estop the grantor from asserting its invalidity as against one who purchased it at a sale made in accordance with the power contained in the deed. But the conduct of the maker of the deed in connection with the deed itself may be such as to work an estoppel.

**3.** Although the maximum legal rate of interest may be contracted for upon a given loan, the mere fact that the lender's agent may have charged the borrower an additional sum as a commission for obtaining the loan for the borrower, or for services rendered to the borrower in so perfecting his title as to furnish a good security, would not render the transaction usurious as to the lender, if such lender did not authorize the charge by the agent, had no knowledge thereof, and did not share therein. *McLean* v. *Camak,* 97 *Ga.* 804 (25 S. E. 493); *Clarke* v. *Havard,* 111 *Ga.* 242 (36 S. E. 837, 51 L. R. A. 499); and see *Pottle* v. *Lowe,* supra.

**4.** If a deed to secure an indebtedness which contained a power of sale in case of default in payment were void because infected with usury, and under a sale made by the creditor in accordance with the power a third person bought the land, in a suit subsequently brought by him for the purpose of obtaining possession, to which the maker of the deed pleaded that it was void on account of the usury, the purchaser would not have a right to have a lien established on the land for the money which he had paid for it at the sale.

**5.** The charge of the court in several particulars was not in accordance with the principles above announced, and a reversal must result.

*Judgment reversed. All the Justices concur.*

JULY 16, 1914.

Equitable petition. Before Judge Frank Park. Baker superior court. January 28, 1913.

*W. I. Geer,* for plaintiff in error.

*Benton Odom* and *A. S. Johnson,* contra.