## STRICKLAND *v*. WILSON.

Where, in the exercise of a power of sale contained in a deed given to secure the payment of a debt infected with usury, the grantee in the deed exposes the land for sale, as stipulated in the power of sale, and knocks it off to a purchaser who has no knowledge of the usury with which the security deed is infected, the usury in the debt being secret, and the owner of the land refuses to surrender possession thereof to the purchaser at the sale, the purchaser can maintain an action to recover the amount paid to the grantee in the security deed.

MAY 12, 1916.

Complaint. Before Judge Worrill. Miller superior court. January 25, 1915.

Wilson filed his petition against Strickland, and alleged as follows: One Johnson executed a deed conveying land to secure a debt to the defendant. This deed contained a power of sale, providing that upon default by the maker of the deed the grantee, after advertising in the manner stipulated, could sell the property conveyed, and make a deed thereto to the purchaser. Johnson did default, and Strickland, after advertising as provided, put up the land for sale and knocked it off to Wilson. When Wilson demanded possession of the property, Johnson refused to surrender it, on the ground that the security deed and the note to secure the payment of which it had been given were infected with usury. This fact did not appear on the face of the note or of the deed, and Wilson had no knowledge that the debt was infected with usury. Wilson paid for the land $245.50. This money was had and received by the defendant, who gave nothing in return therefor, as the deed to defendant from Johnson was void, and the defendant could not convey anything to the purchaser under the power of sale contained in Johnson's deed. The defendant wrongfully and fraudulently induced the plaintiff to buy, by exposing the land for sale and not giving notice of usury in the debt. Judgment against the defendant for the amount paid by the plaintiff for the land was prayed. The defendant filed a general demurrer, and at the hearing this was overruled.

*P. D. Rich,* for plaintiff in error. *T. S. Hawes,* contra.

BECK, J. (After stating the facts.) There was no error in overruling the general demurrer to the petition. The deed from Johnson to Strickland was void on account of the fact that the debt to secure which it was given was infected with usury. The

usury was secret, not indicated on the face of the note or in the deed given to secure the note; and Wilson, the purchaser at the sale, was an innocent purchaser, having no knowledge of the secret usury. Apparently at that sale Strickland was selling Wilson something of value; but the power of sale under which he was acting was void, being contained in a deed which was itself void. Strickland knew these facts, but Wilson did not. The money obtained by Strickland under such circumstances can not be retained by him against the demand of the purchaser. The petition states a cause of action good as against a general demurrer, and there was no special demurrer pointing out the fact that the pleader who drew the petition used in one place language appropriate to an action for money had and received, and in another place language appropriate to an action on the case for deceit and fraud.

The rule of law applicable to the controlling issue in this case has been laid down by this court, and is to be found stated in the decision in the case of *Wacasie* v. *Radford,* 142 *Ga.* 113 (82 S. E. 442). *Judgment affirmed. All the Justices concur.*