## PATTERSON *et al.* v. MOORE.

Although under the Civil Code, § 3444, it is a misdemeanor to reserve or charge interest greater than five per cent. per month on loans secured by an assignment of salary or wages, nevertheless a borrower can not maintain an action in equity for the surrender and cancellation of a usurious salary assignment, and for injunction against the lender "filing" it with the borrower's employer (whose custom is to discharge employees who assign their salaries), without payment or tender of the actual money received, with lawful interest. Whoever would have equity must do equity.

JANUARY 11, 1917.

Equitable petition. Before Judge Bell. Fulton superior court. October 4, 1915.

*C. D. Maddox,* for plaintiffs in error.

Evans, P. J. The plaintiff brought an equitable action against the defendants, alleging in substance: The defendants are money lenders, and claim that the plaintiff is in debt to them in the sum of $18, to secure which they required the plaintiff, on April 15, 1915, to sign in blank, in defendants' favor, what purported to be an assignment of his wages. At that time the plaintiff was working on a monthly salary, payable on the fifteenth day of the month, and at the time plaintiff executed to defendants an assignment of his wages there was due to him a half month's salary. The defendants knew this, and also had knowledge of a custom followed by his employer of discharging employees who, having made an assignment of wages, should have the same "filed against their time." The defendants, on April 15, 1915, gave the plaintiff $15, and required him to execute to them a salary assignment for $18, as security, which was taken in the form of an absolute sale, with the intent and purpose to cover usury, and it was the understanding and agreement at the time that the plaintiff was to draw his wages as the same became due and pay the defendants the full amount of the salary assignment, viz., $18. It was further understood and agreed that the "assignment was in no event to be turned in against the wages of petitioner and same required at the hands of petitioner's employer, except when petitioner should refuse or threaten to refuse payment of said usury, which in the present instance amounted to twenty (20) per centum per month." The defendants have often informed plaintiff that unless he accounted on the due date of the loan for the amount of the assignment, they would file notice of their assignment with his employer, and have threatened plaintiff with sending in a notice to his employer, and have kept him in constant fear of losing his position with his employer; and the suit is brought to protect the plaintiff "from the threatened, imminent, and irreparable injury." The assignment is illegal and void. The prayer is for injunction against "filing said assignment against wages or salary earned by petitioner," and that the defendants be compelled to surrender the assignment and that the same be canceled. The court overruled the defendants' demurrers, and they excepted.

The petition is projected on the theory that inasmuch as the statute (Civil Code of 1910, § 3444 et seq.) denounces as a misdemeanor the reservation or charge of interest greater than five per cent. per month on loans of money, whether by way of purchase of salary or wages or other security, the plaintiff is entitled in equity to a cancellation of the illegal contract, and an injunction against its threatened use by the defendants in a way likely to cause a loss of employment. It is true that equity opens its door for the relief of the oppressed, and will not deny relief against usury on the ground that the parties are in pari delicto; the necessitous borrower in usurious loans not being regarded as in pari delicto, but as in vinculis to the lender. But there is another equitable principle, that whoever would have equity must do equity. The plaintiff asks for the surrender and cancellation of his salary assignment given to secure the money he borrowed from the defendants. The salary assignment is void because of the usury. It may be entirely worthless to the creditor; but the plaintiff in a court of conscience can not demand that his creditor deliver up the security he gave to get his creditor's money, however worthless it may be, without offering to do reciprocal equity, viz., tender back the actual money which he received as the quid pro quo of his worthless security. *Campbell* v. *Murray*, 62 *Ga.* 86. The circumstance that the salary assignment evidences a criminal act does not affect the case. In the wisdom of the legislature, the taking of usury by money-lenders on the security of salary assignments in excess of a certain rate of interest was made a crime. The defendants may be prosecuted and punished for the crime. But there is nothing in the statute that the remedial rules of equity should be changed to meet the case of a borrower who promises to pay excessive interest, so as to give him any different remedy to the ordinary borrower in relief against usury. The creditors have not "filed" their salary assignment with the plaintiff's employer, and may never do so. All that is charged against them is that they are holding the assignment as a leech to compel performance, and the plaintiff prays to have a surrender and cancellation of the paper to prevent this. Let him tender the debt purged of the usury; and if he so desires, he may also institute a prosecution against the usurer.

*Judgment reversed. All the Justices concur.*