## MATTHEWS, administrator, *v.* BANKS *et al.*

1. Though a deed be void for usury, or a transfer of a bond for title be void because the debt to secure the payment of which the transfer was made was usurious, these papers will not be canceled or set aside in an equitable suit, without payment or tender of the principal of the debt and lawful interest; and this upon the principle that whoever would have equity must do equity.
2. If the petition had only sought cancellation of the papers referred to in the preceding headnote, the judgment sustaining the demurrer would have been affirmed. But the petition alleged also that one of the defendants, not having title to the premises in dispute, which were in possession of the plaintiff, had forcibly taken possession of a part of the crops raised upon the lands, and was about to take possession of other portions of the crop, and was forcibly interfering with tenants upon the lands. With these allegations in the petition, it should not have been dismissed upon general demurrer.

APRIL 12, 1917.

Equitable petition. Before Judge Searcy. Fayette superior court. April 29, 1916.

The plaintiff, as administrator of Samuel Westmoreland, filed a petition against K. B. Banks, of Fayette county, and Lee Hand, of Coweta county, alleging as follows: The plaintiff's intestate, on October 20, 1909, borrowed $500 from Banks, and on the same date he executed to Banks a deed of conveyance to certain described lands lying in Fayette county, for the recited consideration of $500, and took from Banks on the same date a bond for title for the reconveyance of the lands upon the payment of $650, the same to be paid in yearly installments; and notes aggregating $650 were given by Westmoreland to Banks. The deed executed by Westmoreland to Banks, while absolute on its face, was given to secure the payment of the loan of $500, which was tainted with usury by reason of the facts recited, and is therefore null and void. Before paying off the notes given to Banks, Westmoreland transferred and assigned his bond for title to Lee Hand, "perhaps for the purpose of securing a debt which the said Hand claimed against the said Samuel Westmoreland." When Hand took this transfer he was aware of the usury in the debt of Westmoreland to Banks; and the purported transfer of Westmoreland's equities in the lands to Hand is therefore null and void. Notwithstanding the fact that petitioner, as administrator of Westmoreland, is in possession of the lands in question, Hand is undertaking forcibly and with-

out legal authority to take possession of the crops; he has removed a part of the crops, has seized and locked up a part, and is undertaking to force the tenants to turn over to him all of the crops; and he is 'doing these things under a pretended trade between him and Banks, whereby Banks promised to make to Hand a deed to the lands and put him in possession. Plaintiff charges that such contract between Banks and Hand is void, being based on the deed and bond for title above referred to, which plaintiff claims to be void for the reasons stated. Hand has never paid to Banks the amount of Westmoreland's debt to Banks, or any part of it except the interest. On December 21, 1914, when it is claimed that Westmoreland executed a paper directing Banks to make a deed to Hand, Westmoreland was eighty-five or ninety years old, was childish, illiterate, and an imbecile; and if he signed the paper he did not know what he was doing. The prayers of the petition were, for cancellation of the deed to Banks and of the bond for title and the transfer thereof; and that Hand be restrained from making any further contract with reference to the lands, and be restrained from further interfering with the tenants.

The defendants demurred generally and specially. The court sustained the general demurrer and dismissed the petition, and the plaintiff excepted.

*J. W. Culpepper* and *H. A. Allen,* for plaintiff.

*Hall & Jones,* for defendants.

BECK, J. (After stating the foregoing facts.)

1. Construing the language used by the petitioner most strongly against him, he seeks to have canceled and set aside certain written instruments executed by his intestate to secure a debt a part of which was infected with usury. This relief a court of equity will not grant upon such petition, there being no offer to pay that part of the debt which was not usurious. The plaintiff can not keep the money which the defendant actually loaned, and have canceled the papers intended as evidence of and security for the debt, without repayment of the principal and lawful interest. *Campbell* v. *Murray,* 62 *Ga.* 86; *Beach* v. *Lattner,* 101 *Ga.* 357 .(28 S. E. 110). So far as the petition sought for a cancellation of the deed given to Banks to secure the payment of the $500 loaned, it is demurrable; and upon the same principles of equity, the portion of the petition seeking to have canceled the transfer of the bond for title

is also demurrable; and the court properly sustained the demurrer so far as the same relates to the parts of the petition just specified.

2.   But the petition as amended goes further.   It alleges, that Hand, one of the defendants, had obtained a written order from the plaintiff's intestate, directing Banks to execute a deed to Hand upon Hand's payment of the debt; that certain debts which Hand claimed to have paid for the intestate did not exist; that the order to Banks was obtained by Hand when the intestate was old, imbecile, and illiterate, when his memory was entirely gone and he could not understand the nature of a contract; that the order was without consideration; that Hand was now forcibly seizing a part of the crops upon the lands referred to, and was about to seize the remainder, without any right to do so; and that he was violently interfering with the tenants upon the land.   Reference to other parts of the pleadings and the petition shows that Hand may have taken possession of the crops under the authority conferred upon him by an order of court appointing him receiver in the case; but in passing upon the exception to the judgment sustaining the demurrer, we can not look beyond the petition and the demurrer.   With the positive allegation in the petition that Hand's deed from Banks was obtained upon an order which the grantee in that deed had obtained by imposition upon an old and illiterate imbecile, the entire case should not have been dismissed upon general demurrer.   Apparently the court did not pass upon the special demurrer, but dismissed the entire case upon the general demurrer.   Consequently the questions raised by the special demurrer are not dealt with here, as they do not seem to have been considered by the court below.

*Judgment reversed.   All the Justices concur.*