## POLITE *v.* WILLIAMS *et al.*

PER CURIAM. Mary E. Polite and her husband were tenants in common of a tract of land. They jointly executed a deed to the land to secure a debt. The holder of the deed advertised the land for sale under the power contained therein; and Mary E. Polite filed an equitable suit to enjoin the contemplated sale, and to cancel the deed in so far as it affected her interest in the land, upon the grounds that the deed (executed in 1912) was infected with usury, and that the debt was the debt of the husband and not of the plaintiff. To the refusal of an interlocutory injunction the plaintiff excepted; and the judgment refusing the injunction was affirmed by this court. *Polite* v. *Williams,* 147 *Ga.* 820 (95 S. E. 674). The trial of the case resulted in a verdict for the defendants. The plaintiff filed a motion for a new trial, which was overruled, and she excepted. The sole special assignment of error complains of the ruling of the court in admitting the depositions of a nonresident witness in behalf of the defendants, over the objection that the depositions could not be taken under the provisions of the code sections specified in the notice, and that the notice did not show that the person before whom the witness would be examined was a notary public or an officer authorized to execute and return the depositions. The plaintiff acknowledged service of the notice to take the depositions, fourteen days before the date on which the witness was examined, and waived all other and further service. The notice, properly entitled in the case, recited

the name of the witness, the city in which he resided, the person before whom he would be examined, the city, room and building in which, and the hour and day on which the examination would be had, and concluded as follows: "These depositions will be taken without order or commission, under the provisions of sections 5910 to 5917, both inclusive, of the 1910 Civil Code of Georgia; and this notice is given you under provisions included in said sections." The notice did not in terms refer to the provisions of section 5905 of the Civil Code of 1910. *Held:*

1. The case being for decision by a full bench of six Justices, who are evenly divided in opinion on the question raised by the special assignment of error indicated in the foregoing statement of facts, Beck, P. J., and Gilbert and George, JJ., being of the opinion that the court did not err in admitting the depositions of the non-resident witness, and Fish, C. J., and Atkinson and Hill, JJ., being of the opinion that the evidence of the witness was inadmissible, the ruling of the court in admitting the evidence stands affirmed by operation of law.

2. The evidence was conflicting on the issue of the wife's suretyship, and was sufficient to authorize the verdict for the defendants on that issue.

3. Conceding, without deciding, that the evidence required a finding that the deed was infected with usury, the plaintiff, under the ruling in *Matthews* v. *Banks,* 146 *Ga.* 732 (92 S. E. 52), and cases there cited, could not have the deed canceled without payment or tender of the principal amount of the debt and lawful interest. See also *Patterson* v. *Moore,* 146 *Ga.* 364 (91 S. E. 116).

*Judgment affirmed. All the Justices concur, except as to the question referred to in the first note of the decision.*

No. 1386. JANUARY 17, 1920.

Equitable petition. Before Judge Highsmith. Glynn superior court. February 22, 1919.

*John T. Powell* and *Bolling Whitfield,* for plaintiff.

*F. M. Scarlett Jr.,* for defendants.