## STRINGER *v*. ATLANTA BOX FACTORY.

ATKINSON, J.  After careful consideration of the record in the case, the opinion of the Court of Appeals, the authorities cited therein as well as those cited in the briefs of counsel, and many other authorities, this court is of the opinion that the judgment of the Court of Appeals should be affirmed.    *Judgment affirmed.  All the Justices concur.*

No. 2148. MAY 11, 1921.

Certiorari to Court of Appeals. 25 *Ga. App.* 341.

*W. S. Dillon, C. M. Lancaster,* and *W. J. Davis Jr.,* for plaintiff.

*Rosser, Slaton, Phillips & Hopkins,* for defendant.

---

## LILES *v*. BANK OF CAMDEN COUNTY.

ATKINSON, J.  A deed executed by a borrower prior to the act approved August 18, 1916 (Acts 1916, p. 48), relating to penalties for charging usury, under the Civil Code, § 3306 et seq., to secure a debt infected with usury, and purporting not only to convey title to the lender, but also to confer on the lender a power of sale, is void, and therefore ineffectual either to pass title or to create a valid power of sale. Civil Code, § 3442; *Pottle* v. *Lowe.* 99 *Ga.* 576 (27 S. E. 145, 59 Am. St. R. 246); *Wacasie* v. *Radford,* 142 *Ga.* 113 (82 S. E. 442). But under the maxim, "He who would have equity must do equity and give effect to all equitable rights in the other party respecting the subject-matter of the suit" (Civil Code, § 4521; 21 C. J. 172 et seq.; 10 R. C. L. 392, § 141; Eaton's Equity, 67-68), before a borrower who has executed such a deed can have affirmative equitable relief, such as injunction to prevent exercise of the power of sale by the grantee in such security deed, he must pay or tender to such grantee the principal and lawful interest due to him. *Campbell* v. *Murray,* 62 *Ga.* 86 (6); *Echols* v. *Green,* 140 *Ga.* 678 (3, 5), 679 (79 S. E. 557); *Craft* v. *Link,* 135 *Ga.* 521 (69 S. E. 742); *Patterson* v. *Moore,* 146 *Ga.* 364 (91 S. E. 116); *Garbutt* v. *Mayo,* 128 *Ga.* 269 (4), 277 (57 S. E. 495, 13 L. R. A. (N. S.) 58); *Polite* v. *Williams,* 149 *Ga.* 726 (3), 727 (101 S. E. 791).

(*a*) Applying to the pleading and evidence the principles stated above, the judge did not err in refusing to grant an interlocutory injunction restraining the defendant from exercising the power of sale.

(*b*) The request to review and overrule the decision in the case of *Craft* v. *Link,* 135 *Ga.* 521 (69 S. E. 742), in so far as it applied the above-quoted maxim, is denied.

*Judgment affirmed.  All the Justices concur.*

No. 2154. MAY 11, 1921.

Petition for injunction. Before Judge Highsmith. Camden superior court. June 19, 1920.

*Osborne, Lawrence & Abrahams* and *Lewis A. Mills Jr.,* for plaintiff. *S. C. Townsend,* for defendant.