FERRELL v. GREENWAY & COMPANY et al.

ATKINSON, J. · 1. The petition, construed most strongly against the pleader, is subject to special demurrer on the ground that it joins in one action separate and distinct causes of action against separate and distinct parties between whom there is no unity or privity of interest.

2. Paragraphs seven and eight of the petition are subject to special demurrer on the grounds that the allegations therein made set forth conclusions of the pleader of law and of fact, and are not pleaded with the degree of definiteness and particularity required by law.

(a) The case differs from Jackson v. Johnson, 157 Ga. 189 (120 S. E. 230), which did not involve a usurious transaction based on a loan of money.

3. In view of the fact that the demurrer was both general and special and was expressly sustained upon all the grounds thereof, and the probability that, if the judge had intimated or announced his intention to sustain the special demurrers mentioned in the preceding headnotes, the plaintiff would have prevented a dismissal of his petition by offering a proper amendment thereto, and the further fact that the petition presents a meritorious case, the judgment is affirmed, with direction that the plaintiff be allowed to amend the petition in the respect above indicated, before the judgment of this court is made the judgment of the court below, and upon compliance with this direction by the plaintiff the case stand for trial upon the petition as amended; but that upon his failure to do this, the judgment below be unconditionally affirmed. Civil Code, § 6205; Brown v. Bowman, 119 Ga. 153 (46 S. E. 410); Sims v. Cordele Ice Co., 119 Ga. 597 (46 S. E. 841).

Judgment affirmed, with direction. All the Justices concur.

No. 3843. FEBRUARY 14, 1924.

Equitable petition. Before Judge Humphries. Fulton superior court. May 18, 1923.

J. R. Ferrell instituted an action against E. W. Greenway & Company, the Federal Investment Company, the Walton Discount Company, the Union Investment Company, and Lee & Company. The petition, including the prayers, alleged the following:

"1. That all of above-named defendants are residents of said State and County.

"2. That all of said defendants are engaged in the business of loaning money and dealing in salary assignments in sums or amounts of three hundred dollars and less.

"3. That petitioner is an employee of the Seaboard Air-Line Railway Company, and as such employee earns a salary of approximately two hundred dollars per month.

"4. That said Seaboard Air-Line Railway Company has rules and regulations whereby if employees of said company are garnished more than a certain number of times, such employees are dismissed from the services of said company, and also said rules and regulations of said company provide that no matter in what amount or amounts are garnished said company holds up all money owing by said company to such employee until final judgment has been entered on such garnishment proceedings.

"5. That there exists in this State, between the various and different brotherhoods of railway employees and the railway companies, contracts whereby an employee discharged from the services of one railway cannot enter the services of another railway in the same earning capacity he occupied with the railway company from whose services he had been discharged, but such discharged employee is compelled to commence anew as an unskilled and inexperienced employee, and at a great financial loss.

"6. That petitioner has been in the employment of the said Seaboard Air-Line Railway Company for a period of more than ten years; and by reason of such length of continuous service now holds, by reason of his seniority of service, a preferred position with said Seaboard Air-Line Company, which in case of his discharge he would lose, and also the wages earned from such preferred position.

"7. That all of said rules, customs, regulations, and results are known to all of said defendants, and by them used to extort unconscionable interest on loans made at highly usurious and illegal rates.

"8. That for more than a year your petitioner has paid monthly to each and all of said defendants twenty per cent., or more, on the loans or advancements made by them to your petitioner, and such monthly payments have more than paid off or discharged the principal sums or amounts loaned or advanced by

said defendants to your petitioner, together with the legal rates of interest.

"9. That neither of said defendants have complied with the law authorizing them to do such business, in any of its particulars, by taking out license, giving bond, or filing their alleged salary assignments with the persons to whom they were purported to have been made.

"10. Your petitioner alleges that the custom or manner of all of said defendants conducting such business with your petitioner was: that all of said defendants required your petitioner to sign a blank form of salary assignment to be paid out of wages due, petitioner at the pay-day next after the blank assignment was made, for the sums or amounts made or advanced to petitioner by said defendants; on the pay-days named in said alleged salary assignments, signed in blank by your petitioner, your petitioner would go to the places of business of said defendants, pay twenty per cent. on the sums or amounts borrowed by petitioner from said defendants, and sign another blank form of assignment for the original principal sums or amounts, and, as hereinbefore alleged, such monthly payments of twenty per cent. interest more than paid off and discharged the sums or amounts borrowed by your petitioner from said defendants.

"12. That the manner of said dealings was merely a device to permit said defendants to collect illegal interest and to evade the law.

"13. That on the ————— day of ——————, 1922, your petitioner was discharged as a bankrupt in the United States district court held in and for the Northern District of Georgia, and to which proceedings all of said defendants were duly made parties thereto; and any and all demands that said defendants may have had against your petitioner at that time were discharged at that time by said bankrupt proceedings.

"14. That each of said assignments so held by said defendants were made within four months prior to said adjudication in bankruptcy, and amounted to a preference which under said bankruptcy act made same void and illegal.

"15. That since said discharge in bankruptcy defendants have commenced suits and garnishment proceedings in the courts of said county; and on account of such suits and garnishment proceed-

ings petitioner is in imminent danger of losing his position with said Seaboard Air-Line Railway 'Company, and such loss would become an irreparable injury to petitioner, for the reasons hereinbefore set out in this petition, and also because said defendants have no property to answer damages resulting to petitioner from loss of said position.

"Wherefore petitioner, waiving discovery, prays: 1st. That the said E. W. Greenway & Company, the said Walton Discount Company, the said Union Investment Company, and the said Lee & Company be restrained from prosecuting said suits and garnishment proceedings in the courts of said county. 2nd. That all of said defendants be restrained from filing any notice or claim with the said Seaboard Air-Line Railway Company to answer any alleged assignments held by said defendants. 3rd. That said defendants be required to account for all the money they have received from petitioner within the past twelve months, and that said sums so received be declared to pay off said amounts procured by your petitioner from said defendants. 4th. That petitioner have all and such other relief as the case requires."

*F. W. Flint* and *W. I. Heyward,* for plaintiff.

*R. R. Jackson,* for defendants.