LAWRENCE *v.* PATTERSON *et al.*

GILBERT, J. 1. The demurrer to the plaintiff's petition on the ground of misjoinder of parties and causes of action was properly sustained. *Ferrell* v. *Greenway,* 157 *Ga.* 535 (122 S. E. 198); *Atlanta Finance Co.* v. *Fulwiler,* 158 *Ga.* 859 (124 S. E. 689); *McLamb* v. *Jackson,* 160 *Ga.* 460 (128 S. E. 580).

2. A mere general allegation that the defendants "threaten to serve said writing claimed to be salary assignments on his employer, which would cause him to lose his position with his employer," without stating any facts to show that the petitioner would lose his position or be irreparably damaged, or how that result would arise, failed to make a case for such equitable relief as was prayed. *Lee* v. *King*, 142 *Ga.* 609 (5 *b*) (83 S. E. 272).

3. Although it is alleged that the defendants are transacting their businesses without the license required by law, nevertheless a borrower cannot maintain such an action in equity to enjoin the lender from suing the borrower, or from disposing of the written assignment, without payment or tender of the actual money received with lawful interest. "Whoever would have equity must do equity." *Patterson* v. *Moore*, 146 *Ga.* 364 (91 S. E. 116); *Polite* v. *Williams*, 149 *Ga.* 726 (3) (101 S. E. 791); *Liles* v. *Bank of Camden County*, 151 *Ga.* 483 (107 S. E. 490); *Poulk* v. *Cairo Banking Co.*, 158 *Ga.* 338 (3) (123 S. E. 292).

4. The judge of the superior court may upon his own motion, when in his judgment the facts and circumstances of any equity case require it, refer the same to an auditor. Civil Code (1910), § 5127; *Lamar* v. *Allen*, 108 *Ga.* 158 (2) (33 S. E. 958).

5. The court did not err in sustaining the findings of the auditor and in ruling against all exceptions to such findings.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 7624.   APRIL 17, 1930.

422

*O. J. Bundy* and *J. L. R. Boyd,* for plaintiff.
*R. R. Jackson,* for defendants.