## LOWRY *v.* CITY INVESTMENT COMPANY *et al.*

No. 8331. FEBRUARY 19, 1932.

*Ezra E. Phillips,* for plaintiff.

*Burress & Dillard, Branch & Howard,* and *Bond Almand,* for defendants.

PER CURIAM. "Equity is ancillary, not antagonistic to the law; hence equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable." Code (1910), § 4520. Any creditor has a legal right to sue a debtor when his demand is due, and the statute also gives the creditor the right to proceed by garnishment. Code (1910), § 5265. Under the foregoing principles, the allegations of the petition did not show that any of the defendants, in the prosecution of their rights, were doing or attempting to do any legal wrong against the petitioner. Accordingly, under the principles above stated, the petition failed to allege a cause of action, and was subject to general demurrer.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hill, J., who dissent.*

RUSSELL, C. J., dissenting. The writ of error in this case presents to our consideration a very unusual application for the intervention of equity. The case is one in which the petitioner asks that a receiver be appointed to take charge of the only asset he possesses, and that his creditors, who are named as defendants, be paid from his salary (as employee of a named employer) all that they can collect by law and process of garnishment, as may be determined by the court. The petitioner asks that all of his credit-

ors, eighteen in number, be required to interplead for the purpose of obtaining judgment upon their claims, in order that the court may establish the priorities as to the payment of the respective creditors, as a means of avoiding a multiplicity of suits, and for the purpose of enabling the court to instruct a receiver who of the respective creditors is entitled to priority in payment. The petitioner admits owing all the claims against him. The petition does not attack any of the claims as being fraudulent, usurious, or for any reason unwarranted. Construing the petition most strongly against the pleader, it appears that prima facie he admits the indebtedness claimed by each and all of his creditors. It is true he sets up the exemption from garnishment prescribed by law, but he admits that there is liable to his debts $2.22 per day, or about $66 per month; that he is liable to the payment of these creditors, and asserts his willingness to pay this sum, amounting to over $700 a year, in settlement of his obligations, some of which he alleges were assumed only as indorser, or surety, or guarantor for friends of his, without other consideration. He alleges that suit has already been brought against him by one of the defendants, and that all of them are threatening to sue and garnish his wages; and that service of process of garnishment upon his employer, under a well-settled practice of employers, will result in his discharge, whereby he will be powerless to earn a support for his family consisting of a wife and daughter, as well as for himself. He asserts that he is insolvent, that he has failed to receive a discharge in bankruptcy; and he asks the court to protect the only asset he possesses—the income he receives from his salary—from being wasted and consumed in suits and garnishments, instead of being applied to the payment of his admitted obligations so far as may be required by law. Two of the defendants, City Investment Co. and Mechanics Loan & Savings Co., demurred generally and specially. The court sustained both the special and general demurrers and dismissed the petition as to these defendants; whereupon the petitioner excepted.

The special demurrers were based upon multifariousness, misjoinder of parties and of causes of action. The judgment sustaining the general demurrer was a holding, in effect, that the petition, even if not bad for multifariousness, was so fatally defective in failing to set forth any cause of action that it could not be cured

by the process of amendment. Counsel for the defendants cite, as authorizing the judgment sustaining the demurrers, the cases of *Lawrence* v. *Patterson,* 170 *Ga.* 419 (153 S. E. 29), *Ferrell* v. *Greenway,* 157 *Ga.* 535 (122 S. E. 198), *Atlanta Finance Co.* v. *Fulwiler,* 158 *Ga.* 859 (124 S. E. 689), and *McLamb* v. *Jackson,* 160 *Ga.* 460 (128 S. E. 580). Learned counsel say that "The plaintiff is attempting in this case a procedure unheard of. He is asking that a court of equity enjoin his creditors from pursuing their legal remedies. We know of no authority that authorizes a court of equity to grant to a debtor a moratorium as to the payment of his debts. If the court of equity had such jurisdiction conferred upon it, credit would become a thing of the past, and our courts and the clerks of our courts would be mere bookkeepers in receiving and distributing money for debtors and creditors." This of course applies to the general demurrer. As to the special demurrer it is argued that the plaintiff is endeavoring to join in one suit separate and distinct causes of action against different parties; that he has no common right or claim against these defendants; that some of the defendants hold notes of the plaintiff, and others have claims against him by reason of his being indorser of notes of three parties, which are held by the defendants; that if defendants brought suits against plaintiff, he would have distinct and separate defenses to each claim; that it is therefore clearly evident that the petition in this case is bad, because it attempts to restrain separate and distinct causes of action against separate and distinct parties. It is insisted that in *Lawrence* v. *Patterson,* supra, there was an attempt to do the same thing, and this court held that the petition in that case was subject to demurrer on the ground of misjoinder of parties and causes of action. Aside from the fact that *Lawrence* v. *Patterson* was not the decision of a full bench, I am of the opinion that this case is easily distinguished from the *Lawrence* case, which concerned assignments of wages. The case at bar is one as to suits on notes admitted to be due. Lawrence's petition did not admit any indebtedness whatever. On the contrary Lawrence denied that he owed any of the eight named defendants, and he asked that the defendants be enjoined from serving on his employer certain writings claimed to be salary assignments, but which in fact represented money loaned to the petitioner at rates of interest grossly injurious, and which debts had already been

more than paid; because he believed each of the defendants to be insolvent and therefore unable to respond in damages for any injury they might cause petitioner. Also that defendants be restrained by injunction from disposing of said transfers or writings, and from proceeding by garnishment. The petitioner in the case at bar admits his indebtedness. The fact as to whether he is the maker, or an indorser, or a surety, or a guarantor, is in this case immaterial. The indebtedness is not denied. In the *Lawrence* case, in the state of the record the court very properly held that "he who would have equity must do equity," and consequently that, although the defendants in this case were transacting business without the license required by law, the borrower could not maintain such an action in equity to enjoin the latter from suing, etc., without payment or tender of the actual money received, with lawful interest. In the case at bar the petitioner offers to do equity by placing in the hands of the court every dollar that he earns, except such as the court itself may adjudge to be exempt from garnishment or any other legal process. In sustaining the demurrer based upon the ground of misjoinder of parties and causes of action, the court cited the three cases to which I now refer.

In *Ferrell* v. *Greenway*, supra, it was held that the petition was subject to special demurrer on the ground that it joined in one action separate and distinct causes of action against separate and distinct parties between whom there was no unity or privity of interest; but in view of the fact that the demurrer was both general and special and was sustained upon all the grounds thereof, and the fact that the petition presented a meritorious case, the judgment of the lower court was affirmed, with direction that the plaintiff be allowed to amend the petition. It appears from an examination of the opinion that the petitioner desired to set up a plea of usury against five of his creditors, although their claims were entirely distinct from each other. Neither of the defendants had any interest in common with any other defendant, but the plaintiff alleged that all of them were guilty of usury. There was no prayer for interpleader, as in this case, and no specified, definite fund or amount of money pointed out as a res in which all of the defendants had an interst. In *Atlanta Finance Co.* v. *Fulwiler*, supra, it was held that the petition was subject to special

demurrer on the ground of misjoinder of parties, but that the petition set forth a good cause of action and was not subject to general demurrer. Direction was given that the petition might be amended in the court below so as to meet the objections of the special demurrer. The court followed the *Ferrell* case, supra, holding that the special demurrer upon the ground of misjoinder of parties should have been sustained, because there was "no unity or privity of interest" between the parties to the present case. It is plain from a reading of the statement of facts that the *Fulwiler* case was dissimilar to the case at bar on the essential principle involved, although there was a prayer for injunction against a number of persons claiming to be purchasers of salaries, to prevent them from executing threats to fill out certain signed forms, which would deprive plaintiff of his livelihood by conscienceless, illegal, and immoral acts and extortionate demands. In the case at bar the claims of the defendants are not contested; the subject of usury is not mentioned; and the defendants are joined by interpleader on the ground of their unity of interest in the common fund or res which the insolvent debtor asks the court to apply and distribute, so as to prevent the loss of his salary or its destruction in useless costs in compelling petitioner to do that which he is perfectly willing to do. In *McLamb* v. *Jackson,* 160 *Ga.* 460, Mr. Justice Hill, delivering the opinion of the court, correctly ruled that the special demurrer based on the ground of misjoinder should have been sustained. This case was one of contested assignments of wages alleged to secure usurious loans. The proceeding was for purposes altogether different from the suit at bar, where the petitioner admits fully his indebtedness and his duty to pay all of the defendants, but shows that he can pay them but a little at a time.

He offers to pay all that he has, except what the law allows him for the support of himself and his family, into the hands of the court, and asks the court to protect him from useless garnishments which will consume in costs his only means of paying these creditors and incidentally deprive him of employment and of the power to earn a living. In the *McLamb* case the case was not dismissed on general demurrer; in the case at bar the general demurrer was sustained and petitioner's entire proceeding dismissed.

I think this case appeals strongly for the application of the principles of equity, and that petitioner has rights which can not be

protected otherwise than by the intervention of equity. Even if one has a remedy at law, but for any reason this remedy is beyond his reach and is not available, or the relief afforded by law is not adequate for his protection, the doors of a court of equity are always open to him. "Equity jurisdiction is established and allowed for the protection and relief of parties, where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong, or relieving from injury done. Civil Code (1910), § 4519. Thus, as to equity at least, there is an express provision for the enforcement of § 5506 of the Code, which says that "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." I have already referred to the criticism of counsel for defendants, that the remedy proposed is unheard of. It is further suggested that the proceeding in this case, if followed, might cause unusual burdens upon the courts and its officers. As to this I will only say that justice can not be counted in dollars and cents, and neither the burdens or laborious efforts nor the *cost* of preserving right and justice should be considered. If nothing but the intervention of equity will prevent injustice, the rules of equity embodied in our own Code should be applied.

It has been suggested that an individual can not make an application to a court of equity and ask the appointment of a receiver to take charge of his property or income under any circumstances, and that the processes of equity can not be so used as to prevent any of his creditors from proceeding by law to sue at law and use the process of garnishment or any other right these creditors have by law. I am of the opinion that there are many instances in which under certain circumstances equity will prevent and forbid proceedings at law. The books are full of cases where this has been done; and I think the facts of this case, as set forth in the allegations of the petition, are a striking illustration of the necessity for such rules as are embodied in our Code. The petitioner is insolvent. A different rule might apply if he were solvent. This court has held, in *Steele Lumber Co.* v. *Laurens Lumber Co.*, 98 *Ga.* 329 (24 S. E. 755), that a corporation can not maintain an equitable suit to marshal its own assets. In *Martin* v. *Brown,* 129 *Ga.* 562, 569 (59 S. E. 302), this court referred to the *Steele* case, but pointed out marked distinctions as between

*solvent* and *insolvent* persons. In the *Martin* case, Mr. Presiding Justice Evans, speaking for this court, said: "We have been unable to find any authority for the proposition that a *solvent* person may come into a court of equity, and ask the court to adjust in one suit his general business affairs, so that he may know what the net result would be. . . The reason for the refusal of a court of equity to take charge of the assets of a *solvent* individual and adjudicate what may or may not be a claim against his property is plain. If such practice were allowable, the court would be called upon to administer the property of any *solvent* business man who found himself unable to conveniently deal with his own affairs. Creditors may in a proper case marshal the assets of an insolvent debtor; and administrators of an insolvent intestate, where the affairs of the estate are in a complicated condition, may maintain a suit to marshal the assets of their intestate. But courts will not exercise any species of judicial paternalism over the business affairs of a *solvent* [italics mine] litigant, so as to take charge of his property and untangle its complexities, and relieve him of the burden of a laborious, and perhaps disagreeable task." There have been cases in other jurisdictions where the inflexible rule of our court that a receiver will not be appointed for a corporation at the instance of the corporation is not adhered to. See 5 Thompson on Cor. (2d ed.) 1172, § 6356 and cit. I also deem any argument which may be drawn from the fact that the petitioner has been denied a discharge in bankruptcy to be utterly immaterial so far as the questions in this case are concerned. Whether one under the laws of the United States, as administered in the Federal court in accordance with Federal law, is a matter of no concern to this court. Whether a petitioner might desire to be declared a bankrupt, or whether an insolvent debtor might prefer to seek relief in the courts of his own State, is a matter of choice. The result of such an application, so far as I have been able to discover from this record, does not affect the question whether he has a right under the laws of Georgia to an efficient remedy under the allegations of his petition, which for the purposes of demurrer must be assumed to be true.

As I have already pointed out, the decisions cited in support of the judgment of the lower court dismissing this petition deal with the question of misjoinder of parties defendant and causes of

action. So I shall deal with that aspect of the case. In my opinion, based upon facts already stated and which need not now be repeated, there is neither misjoinder of parties nor of causes of action in the petition now under review. It is plain that in this case there is but one subject-matter, one res, the salary of the petitioner as an employee of a named corporation, in which a number of parties, all of them creditors of petitioner, are in common interested. There is no other means by which these creditors can collect their debts, and no other source from which payment can be secured. The Civil Code (1910), § 5419, declares that "Where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." It seems to me that, especially in this case, equity alone can determine the whole matter in one action. If each of the creditors in this case, as he has a right to do, brings suit (as has already been done by one and is threatened by others), the res will be consumed in litigation and annihilated, and the petitioner be prevented from paying, *as he is willing to do,* all that the court may determine he owes. This he will be required to pay from time to time, and as fast as he earns it, to his creditors according to the amounts due to each and according to the priorities fixed by the court, and the petitioner will also be protected in his employment and the preservation of the livelihood of himself and his family. The Civil Code (1910), § 5506, says that if a court has jurisdiction of a right, it may, when necessary, frame the remedy; and the fact that the present action is novel can not debar the petitioner from proceeding as he has in equity, because in any case, under the provisions of § 4519, "Equity jurisdiction is established and allowed for the protection and relief of parties, where, from *any peculiar circumstances,* the operation of the general rules of law would be deficient," etc. (Italics mine.) In a case of the kind now before us, and under the plain provisions of the code, I am of the opinion that equity could prevent, by injunction, any one of his creditors from subjecting the plaintiff to irreparable damage by increasing his burden in heaping court costs by constant garnishments, and imperiling his employment, when he stands willing and ready to pay over to this creditor everything he can get by garnishment, and just as speedily. It is difficult to perceive, if this be true, why

equity will not prevent by injunction an attempt by a group to force that to be done which can be done without force. The rule that equity will not take cognizance of a plain legal right, where there is an adequate and complete remedy at law, is familiar and is borne in mind, but § 4538 of the Code is much broader than this rule. It reads as follows: "Equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law; but a mere *privilege* to a party to sue at law, or the existence of a common-law remedy *not as complete or effectual* as the equitable relief, shall not deprive equity of jurisdiction." (Italics mine.) This appears in accord with the uniform-procedure act of 1887. See the opinion of Mr. Justice Simmons in *DeLacy* v. *Hurst*, 83 *Ga.* 223 (9 S. E. 1052). And see also *Conley* v. *Buck*, 100 *Ga.* 187 (28 S. E. 97). According to the ruling in *East Atlanta Land Co.* v. *Mower*, 138 *Ga.* 380 (75 S. E. 418), all the parties interested in parks which had been sold by the corporation were held to have a common interest in the suit to prevent the parks from being transformed into lots, in violation of the representations made to the purchasers of the lots. So I am of the opinion that the special demurrers based upon misjoinder of parties and causes of action should have been overruled. "Where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." Civil Code (1910), § 5419. Mr. Justice Hill concurs in this dissent.