STANTON *v.* MORTGAGE GUARANTEE COMPANY *et al.*

No. 10254. DECEMBER 12, 1934.

*C. V. Stanton,* for plaintiff.

*Bennett & Bennett* and *John P. Stewart,* for defendant.

RUSSELL, C. J. As appears from the record in this case, Mrs. Edith L. Stanton, on August 1, 1928, borrowed $5000 from the Mortgage Guarantee Company of America, and to secure the loan conveyed by security deed a rectangular lot 80 by 190 feet in the City of Waycross. Mrs. Stanton at the same time executed a promissory note for the principal sum of $5000, with interest thereon at 7 per cent. per annum, payable semi-annually. In the se-

curity deed she agreed to pay all taxes and assessments justly due against the real estate, and upon failure to do so the loan could be declared due and payable by the holder of said note and deed, and the power of sale contained in the deed exercised and the real estate sold at public outcry before the court-house door of Ware County after due advertisement. The petition of Mrs. Stanton asked for an injunction against all of the parties named as defendants, and alleged that the property was being advertised, and unless the defendants were restrained it would be illegally sold on February 6, 1934. Upon this petition the court issued a temporary restraining order and a rule nisi calling upon the defendants to show cause why the injunction prayed for should not be granted. The hearing was set for February 17, 1934. At that time the plaintiff presented an amendment to the petition, alleging three additional reasons why the injunction should be granted. The first ground of the amendment need not be stated, because it appears from the brief that this ground is not insisted on. The second ground is that the Mortgage Guarantee Company of America illegally and unjustly paid to the City of Waycross certain named amounts which were illegally, improperly, and unjustly levied and assessed against petitioner, and were illegally and fraudulently paid by said defendant. Ground 3 sets out the existence of a nationwide and worldwide depression, by reason of which property brought to sale at this time will bring only a fraction of its true value, while now business conditions are rapidly returning to normal, and with the remedial legislation which has been enacted and is in prospect petitioner will within a reasonable time be able to liquidate her just indebtedness without the necessity for the foreclosure and sale which has been instituted by the defendants, and without loss or embarrassment to herself or them. The defendants presented a motion to dissolve the restraining order, to refuse an injunction, and to dismiss plaintiff's petition. After a hearing the court refused an injunction and dismissed the petition. To this order the plaintiff excepted, assigning it as error and as contrary to law.

We are of the opinion that the judgment was correct and in accordance with law. No copy of the security deed, or of the notes, or of the advertisement is set forth in the petition or attached as an exhibit. Construing the petition most strongly against the pleader, the principal and unpaid increment of interest payable

semi-annually had reached a point on August 1, 1933, which required payment of the indebtedness. The provision that the loan would be extended or refinanced was dependent on the condition that the debtor should pay the taxes upon the property. The allegations of the petition admit that taxes on the property for three years were unpaid. That there is a dispute between the City of Waycross and the taxpayer as to the correctness of the amount of taxes assessed against her is no concern of the holder of the notes and security deed. The stipulation as to extension is that the taxes must be paid; not the amount of taxes which the petitioner might consider the correct amount, but the amount of taxes fixed by the taxing power, which was empowered to embarrass the lender by levies of tax executions and probably long litigation. The fact that the taxpayer had offered to pay the city the amount of taxes she claimed was due, but which the taxing authority refused to accept because its officers considered the amount was entirely too small, was itself a signal warning to the lender not to extend the loan, and certainly in the circumstances not the equivalent of payment of the taxes as the borrower had undertaken to do.

The allegation that due to remedial legislation conditions were rapidly improving, and that the plaintiff would therefore be able in the near future to discharge her indebtedness without embarrassment, is without merit, if for no other reason, because it is too vague and indefinite to be capable of enforcement. In the petition it is stated that the petitioner has made application to the Home Owners Loan Corporation for funds with which to discharge her indebtedness, but it is not stated that the loan has been approved by that corporation. Construing the pleadings as a whole, the petitioner admits indebtedness of a portion of the interest and a portion of the taxes, but does not allege that she has tendered payment of either to the creditor, nor that she has paid into court the amount she admits and which her pleadings show to be legally due. "Before a borrower who has executed such a deed can have affirmative equitable relief, such as injunction to prevent the exercise of the power of sale by the grantee in such security deed, he must pay or tender to such grantee the principal and lawful interest due to him." *Liles* v. *Bank of Camden County*, 151 *Ga.* 483 (107 S. E. 490). See also *Echols* v. *Green*, 140 *Ga.* 678 (5) (79 S. E. 557); *Patterson* v. *Moore*, 146 *Ga.* 364 (91 S. E. 116); *Polite* v.

*Williams,* 149 *Ga.* 726 (3) (101 S. E. 791); *Latimer* v. *Lyon,* 177 *Ga.* 888 (171 S. E. 562).

*Judgment affirmed. All the Justices concur.*