53498. FIRST NATIONAL BANK OF ATLANTA et al. v. BLUM.

WEBB, Judge.

Peter E. Blum borrowed in 1974 from First National Bank $750,000, conveying as security therefor certain Atlanta property in Fulton County. By the deed to secure debt he agreed to pay all ad valorem taxes "before the same became delinquent." Blum's 1975 ad valorem taxes aggregated about $40,000 and he protested and requested arbitration. After appealing an adverse result to the

superior court he settled the dispute with the joint city-county taxing authority and was issued an adjusted tax bill on October 21, 1975. Blum did not pay any of the ad valorem taxes during the pendency of the arbitration and appeal.

The law controlling here, Ga. L. 1955, pp. 2088, 2090, provides that "The taxes due the City of Atlanta shall be paid between July 1 and August 15; taxes due to the State of Georgia and Fulton County shall be payable between July 1 and October 15. Any of said taxes not paid in full by the last day specified shall, notwithstanding any existing law, be in default . . . and executions shall be issued therefor." And although ad valorem taxes which are the subject of arbitration are not considered delinquent or past due pending the determination of the tax liability, Ga. L. 1974, pp. 2489, 2490, requires that "the taxpayer in any such case shall first pay to the county or municipality to which such taxes are due the amount of taxes which would be due if the assessed valuation of the property subject to tax were the same as that determined for the prior tax year or the amount of taxes which would be due on the portion of assessed valuation which is not in dispute, whichever is greater; . . ."

On October 29, 1975, relying on the above quoted provisions, the bank notified Blum that if the taxes were not paid within ten days, as required by the deed to secure debt, the loan would be accelerated and foreclosure begun. In December, the taxes still not having been paid, the bank published notices of foreclosure, and on December 20 fi. fas. were issued on the property by the City of Atlanta. Blum filed the instant action for damages against the bank, alleging harassment and other wrongful acts by the bank and seeking and obtaining an injunction to stop the foreclosure scheduled for the first week in January, 1976. The court also ordered the taxes paid by January 7, 1976, the posting of a $10,000 bond to cover costs, and authorized the bank to readvertise the property during the month of January for foreclosure sale on the first Tuesday in February. Blum did not pay the taxes or post the bond, but sought a temporary restraining order against the February foreclosure sale which was granted, the court also allowing the advertisement to be

run again in the month of February. The bank sent Blum additional notices and demands to pay the taxes on January 19 and 23, and the 1975 taxes were paid on January 28, 1976.

On June 9, 1976, Blum amended his complaint to seek further damages, alleging that the foreclosure advertisement by the bank had been wrongful because he was not in default when the notices were run in January, and the taxes had been paid when they were published in February. This argument was premised upon Ga. L. 1953 (Jan. - Feb. Sess.) Sec. 7, pp. 2809, 2812, which provides that "Any tax due the State, Fulton County, Fulton County school districts, or the City of Atlanta, uncollected on November 30 of any tax year shall be subject to execution . . ."; and Code Ann. § 92-5102 which obliges tax collectors to keep an execution docket and issue executions against delinquent or defaulting taxpayers in their respective counties on December 20th of each tax year. In response, on September 22, 1976, the bank filed an amendment adding a counterclaim alleging that Blum had not paid any 1976 taxes as of September 15, and asked for a declaratory judgment as to when Blum's ad valorem taxes became delinquent.

The trial court issued its judgment on September 23, in which it declared that as to the 1975 taxes, "the mere failure of a taxpayer who has initiated arbitration proceedings to pay the 'deposit' required by Sec. 2 of the Ga. Laws 1974, p. 2489—absent any effort on the part of taxing authorities to enforce collection of taxes—does not render the taxes assessed 'delinquent' within the meaning of the Act, or under the terms of the Deed to Secure Debt," and that the taxes were not delinquent within the meaning of the statute until the fi. fas. were issued on December 20, 1975. The bank brings this appeal from that judgment.

1. We cannot agree with the trial court's ruling that a taxpayer may seek arbitration, pay nothing, and his taxes will not be delinquent until the tax commissioner issues a fi. fa. and seeks collection. First of all, Ga. L. 1955, pp. 2088, 2090, hereinabove quoted, clearly and unequivocally recites that the City of Atlanta taxes "shall be paid" by August 15 or be in default and bear interest

and penalties, "and execution shall be issued therefor." Thus when Blum did not pay the city taxes by August 16 they were delinquent and the taxing authority could immediately issue execution to collect them.

Secondly, the language of Ga. L. 1974, pp. 2489, 2490, supra, is equally plain that if the taxpayer protests his assessment by the proper procedure his taxes will not be considered delinquent, *but that he must first pay* what he admits owing or would owe based on the previous year's assessment. The implication is unavoidable that if he does not pay anything while protesting his taxes they will be considered delinquent.[1] To hold otherwise would allow taxpayers to avoid delinquency and penalties by protesting a tax assessment and thereby deprive the taxing authorities during the lengthy arbitration and appeal process of the revenues necessary to conduct the business of the government; the obvious purpose of the legislation is to insure that at least some part of the taxes in dispute is paid. "Taxes, under our law, are the highest lien. The authority levying them can not be postponed to the end of a long litigation before demanding the taxes due it, but is entitled to have the taxes paid as they become due." *Ferris v. Van Ingen & Co.,* 110 Ga. 102, 119 (8) (35 SE 347) (1899). Thus, "It is well settled in this State that 'He who would have equity must do equity...' (Code § 37-104), and that 'One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought.' " *Harding v. City of Decatur,* 226 Ga. 474, 475 (175 SE2d 507) (1970); see also *Blackmon v. Ewing,* 231 Ga. 239 (1) (201 SE2d 138) (1973).

---

[1] Our construction of the 1974 Act is buttressed by Ga. L. 1976, p. 1154, which was enacted on March 31, 1976, just after the dispute in issue here. It provides: "Notwithstanding any other provision of law to the contrary, before the superior court shall have jurisdiction to entertain any civil action, appeal, or affidavit of illegality filed by any aggrieved taxpayer respecting

Finally, we cannot concur with the trial court's reasoning that the 1975 taxes became delinquent on December 20 because that was the day fi. fas. were issued for their collection. Taxes must be delinquent *before* the taxing authority can issue execution—they do not become delinquent as a result of the issuance of fi. fas. Put another way, delinquency is a condition precedent to the issuance of the fi. fas. rather than the other way around. Any other construction would permit the tax collector in his discretion, instead of the statutory law, to determine when taxes were delinquent, and we will not sanction such a situation. We therefore hold that ad valorem taxes, even though the amount owed is in arbitration, unless paid as required by statute, are delinquent after August 15 if due to the City of Atlanta and after October 15 if due to Fulton County.

2. That there is a dispute between the taxing authority and the taxpayer as to the correctness of the amount of taxes assessed is of no concern to the holder of a note and security deed. *Stanton v. Mortgage Guarantee Co.,* 179 Ga. 867, 869 (177 SE 556) (1934). If the deed provides that failure to pay taxes accelerates the due date of the entire debt and authorizes a sale under the power, and there has been a failure to pay taxes, it follows that the acceleration and attempt to sell is expressly authorized by the deed. *State Mut. Ins. Co. v. Strickland,* 218 Ga. 94, 96 (2) (126 SE2d 683) (1962).

*Judgment reversed. Deen, P. J., and Marshall, J., concur.*

Argued February 16, 1977 — Decided February 18, 1977 — Rehearing denied March 2, 1977 — 

liability for ad valorem property taxes, taxability of property for ad valorem property taxes, valuation of property for ad valorem property taxes, or uniformity of assessments for ad valorem property taxes, such taxpayer shall pay the amount of ad valorem property taxes assessed against the property at issue for the last year for which taxes were finally determined to be due on such property."

*Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr.,* for appellants.
*Moreton Rolleston, Jr., George W. Hart,* for appellee.