## 62014. HILTON v. MILLHAVEN COMPANY, INC.

QUILLIAN, Chief Judge.

The plaintiff brought a declaratory judgment action seeking a declaration with regard to the terms of a certain promissory note. The plaintiff alleged in the complaint that on January 20, 1976 it purchased from the defendant a tract of land located in Screven County, Georgia and in conjunction therewith executed a promissory note and a deed to secure debt in favor of the defendant. The deed to secure debt [3rd paragraph] contained the following provision: "In the event that First Party shall sell any of the land subject hereto at a price equal to or in excess of the price per acre which First Party has paid and agrees to pay to Second Party therefor, then and in that event Second Party agrees to release from the lien of this Deed to Secure Debt and quit claim unto First Party or its assigns the part sold and Second Party shall have the right, at his option, to require that First Party pay to him as a credit on the above described promissory note any part or all of the proceeds from any such sale up to the then unpaid balance of the debt evidenced hereby."

The complaint further alleged that on June 16, 1977 the plaintiff obtained a release of a part of the land included in the Deed to Secure Debt; that on April 10, 1978 the plaintiff obtained a release of the remaining land included in the Deed to Secure Debt. Each of these instruments contain language that the defendant quitclaimed to the plaintiff certain described land and released such land from the lien of the Deed to Secure Debt. According to the allegations of the complaint, on both occasions the plaintiff negotiated with the defendant regarding the releases and the defendant informed the plaintiff that he did not want any prepayment because of increased income tax liability and that he felt the note was adequately secured; that the defendant waived the privilege of requiring the proceeds from the sale of the properties when he did not require the payment be made at the time the defendant executed the releases. On April 5, 1980 the plaintiff received a letter from the defendant accelerating the promissory note and seeking recovery of the entire balance owed as well as attorney's fees. The complaint sought a declaration that the defendant did not have the right to accelerate the note since no default existed.

The defendant filed an answer, moving to dismiss the complaint and denying the material allegations thereof. The plaintiff moved for summary judgment. This came on for a hearing and, based on the pleadings and defendant's affidavit, the trial judge sustained the plaintiff's motion and held that defendant did not have the right at the present time to accelerate plaintiff's note. Appeal was taken from

this judgment. *Held:*

Plaintiff argues that the defendant had the option of taking the proceeds only at the time he executed the release and quitclaim to the plaintiff. The defendant on the other hand, urges that he did not waive his option nor is he estopped to subsequently demand of the plaintiff the proceeds of the sale made at a prior time. This raises a very serious question since both the deed and the note are silent with regard to the time at which the option to receive the proceeds must be exercised. However, we do not reach this issue since another vital point is determinative of this case.

In *Holland v. Sterling,* 214 Ga. 583, 585 (105 SE2d 894), the Georgia Supreme Court set forth the well recognized rule that "powers contained in a deed to secure debt are matters of contract, and will be enforced as written." See Code Ann. § 37-607 (Ga. L. 1937, pp. 481, 482; 1967, p. 735) which provides: "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised." Without question, the defendant's right to accelerate must be determined by the terms of the instrument under which he seeks to exercise such right. *First Nat. Bank v. Blum,* 141 Ga. App. 485 (2) (233 SE2d 835); *State Mutual Ins. Co. v. Strickland,* 218 Ga. 94, 96 (126 SE2d 683). See *Lee v. O'Quinn,* 184 Ga. 44, 45 (1 & 2) (190 SE2d 564).

Under the note in question a default is predicated on the failure to make timely payments of an installment in which case the defendant would be authorized to accelerate the unpaid balance of the principal sum. Likewise, the deed requires that if there be a failure to pay an installment or if the debt or any part thereof is not promptly paid at maturity, then the entire debt shall become due and payable. Thus, neither instrument includes within the meaning of the term default the failure to pay, prior to maturity, the proceeds from the sale of a part of the land. Moreover, the third paragraph of the deed although referring to the proceeds as being treated as a credit does not in any other way tie such proceeds to the yearly installments which must be paid under the terms of the note.

Therefore, construing the express language of the note and deed we find no basis for the defendant to accelerate payment of the note predicated on the plaintiff's failure to pay to the defendant the proceeds of a sale of a part of the land as is provided in paragraph 3 of the deed. For this reason, the trial judge did not err in finding for the plaintiff and determining that the defendant had no right to accelerate the note under the circumstances related.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 18, 1981.

864

L. H. Hilton, Jr., *pro se.*
*R. J. Martin III,* for appellee.