HORACE M. HOLDEN, for plaintiffs in error.
JOHN W. HIXON, *contra.*

---

THE COUNTY OF WALTON *v.* POWELL & DAVENPORT.

Persons contracting with a public officer, such as an ordinary, must take notice of the limitations imposed by law upon his power to contract. Hence where, upon its face, a written contract for the hire of misdemeanor convicts, made between the ordinary and the hirers, is legal, parol evidence is inadmissible, in an action to enforce the contract, to show that by private understanding with the ordinary the hirers were to be allowed to work the convicts in some illegal manner or in some avocation in which they could not, under the law, be worked or employed. That the hirers, with or without the consent of the ordinary, violated the law in the working or treatment of the convicts, would furnish no reason for not paying the hire at the rate stipulated in the contract.

July 23, 1894. *Judgment reversed.*

Action on account.    Before Judge HUTCHINS.    Walton superior court.    August term, 1893.

The account sued on was for the hire of convicts. Defendants pleaded the general issue; there was a verdict in their favor, and plaintiff's motion for a new trial was overruled.    The motion alleged, in addition to the general grounds, that the court erred in admitting, over objection, oral testimony to show the understanding between the ordinary of the county and defendant Powell, as to where and at what work the convicts were to be worked, and the conversation between them relative thereto, at the time the written contract in evidence was signed by them and prior to the signing of it.    The contract was a lease of county convicts in 1883 (extended by agreement to subsequent years).    It stated that the ordinary leased to Powell & Davenport "all the persons convicted in the superior and county courts of said county for the year 1883 and turned over to said ordinary, to carry into execution such sentences as confined them to hard labor on the public works or elsewhere as said ordinary can lawfully do, authorizing and directing the use and employment of such convicts in that class of labor as shall not imperil reasonably the health of such convicts, in the county of Greene or other county within said State," etc.    The lessees agreed, among other things, "to receive such convicts and to work them at hard labor for the period of their respective sentences, in compliance with the law."    It was further alleged that the court erred in charging the jury as follows: "If you believe from the evidence that there was an agreement and understanding between the parties that it was lawful to work the convicts on private work, as on this farm or other place, or otherwise than in a chaingang on the public works, and that they would be so worked, then no matter how justly, in morals, the defendants may be indebted to the county, it cannot recover.    If the con-

tract, as agreed and understood, was that the convicts were to be worked elsewhere and otherwise than in a chaingang or the public works, it is an illegal contract, and the law will not enforce it, and the plaintiff cannot recover."

HENRY D. McDANIEL, for plaintiff.