## BROWN *v.* ROUGHTON.

PER CURIAM. This was a suit for injunction and other relief embracing a prayer to have a deed canceled or declared void on the ground that, while it was absolute in form, it was in fact intended as a deed to secure the payment of a debt infected with usury, the grantor remaining in possession of the property conveyed. The petition seeks also to have declared void a contract to pay a certain amount as rent, on the ground that, while the contract purports to be an obligation for the payment of rent, its real consideration is interest on the debt at a usurious rate. The injunctive relief is sought to prevent the collection of the amount due under the contract which purports to be a contract for rent. No tender is made of the amount of the debt. *Held*: While, if a proper tender had been made of the amount lawfully due, the petitioner might have maintained his equitable petition to to have the deed declared one merely for the security of a debt, which would in effect have deprived it of its character as an absolute deed, he is not entitled to this relief in the absence of a tender of the debt lawfully due. So far as relates to the injunction against the enforcement of the contract for rent, by distress or dispossessory warrant, he has an ample remedy at common law, and can entirely defeat it by showing that it was for interest, and was partly or wholly usurious. The fact that the petitioner failed to tender the amount lawfully due on the debt left the petitioner no standing in the court of equity to have the deed adjudicated one merely as a security deed to secure a debt; and inasmuch as he had a complete remedy at law to defeat the alleged rent contract, the court did not err in dismissing the entire action upon general demurrer. See, in this connection, the act approved August 18, 1916, entitled "An act to repeal sections 3438 and

3432 of the Code of 1910, regulating a forfeiture where usury is charged." (Acts 1916, p. 48), and the cases of *Pope* v. *Marshall*, 78 *Ga.* 635 (2) (4 S. E. 116); *Wilkinson* v. *Wooten*, 59 *Ga.* 584; *Bashinski* v. *Swint*, 133 *Ga.* 38 (65 S. E. 152); *Tribble* v. *Anderson*, 63 *Ga.* 31; *Brown* v. *Bonds*, 125 *Ga.* 833 (54 S. E. 933); *Liles* v. *Bank of Camden County*, 151 *Ga.* 483 (107 S. E. 490).

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 3084. FEBRUARY 20, 1923. ADHERED TO ON REHEARING, MARCH 3, 1923.

Equitable petition. Before Judge Mathews. Bibb superior court. January 30, 1922.

*John P. Ross,* for plaintiff. *R. D. Feagin,* for defendant.