## POULK v. CAIRO BANKING COMPANY *et al.*

1. A deed executed by a borrower, since the act approved August 18, 1916 (Acts 1916, p. 48), relating to penalties for charging usury, to secure a debt infected with usury, and purporting to convey the title to the lender, is not void because so infected with usury. The only penalty to

be incurred under the above act is to forfeit the entire interest charged or taken, or contracted to be reserved, charged, or taken.

2. Suit for the recovery of interest on account of usury charged must be brought within one year from the payment thereof.

3. Before a borrower, who has executed a deed infected with usury, can have affirmative equitable relief, such as injunction to prevent exercise of the power of sale by the grantee in such security deed, he must pay or tender to the grantee the principal sum due.

4. The petition did not set out an equitable cause of action, and the court did not err in dismissing it on demurrer.

No. 3983.   MAY 15, 1924.

Equitable petition. Before Judge Custer. Grady superior court. September 15, 1923.

Carl Poulk brought a petition against the Cairo Banking Company and O. T. Davis, and alleged in substance the following: O. T. Davis is the president of the banking company, and has been an officer actively engaged in the operation of the bank since January 1, 1917. John L. Poulk died on December 14, 1918, and at the time of his death was the owner of certain described real estate. Plaintiff is the son and sole heir of John L. Poulk, and as such is entitled to the entire interest in the estate, on which there has been no administration. On January 11, 1917, the plaintiff and John L. Poulk were indebted to the Cairo Banking Company on two promissory notes, in the sum of $8074.32 borrowed from the bank. On divers dates since that time and until August 18, 1921, petitioner borrowed stated amounts from the bank, giving therefor notes which were tainted with usury. On August 18, 1921, petitioner was called into the office of the Cairo Banking Company and told by O. T. Davis that the papers renewing his indebtedness, and giving him three and one half years in which to pay it, were ready; and he signed the papers without reading them beforehand. They were prepared in the office of the banking company. He afterward discovered that the instruments so signed were a contract and a deed to Davis to certain described real estate; and while these instruments were made in the name of Davis, the Cairo Banking Company is the real party at interest, and the contract and deed are but a scheme to avoid any liability of the bank in having to account for illegal interest charged. Petitioner at no time agreed or discussed selling the lands to Davis, and at no time arranged with Davis for him to personally assume petitioner's liability to the bank; and the first that he knew of the instruments

being other than a renewal note to the bank was after they had been executed. The only consideration for the deed and contract was securing his liability to the bank; the automobile note referred to in the contract is wholly without consideration, and the furnishing of security to the bank for his liability to it was the sole consideration for the execution of the deed and contract. Since their execution the defendants have sold the goods and fixtures and have taken charge of the accounts referred to in the contract, refusing to permit petitioner to have anything to do with their collection; and by reason thereof the defendants have become liable to him in the sum of $12,800, which petitioner is entitled to have credited on his indebtedness to the bank, and to recover of said parties the excess, to wit, $5894.52. He prayed for process; that the defendants be required to deliver up the contract and deed, and that they be by the court decreed null and void and said deed·be canceled of record; and that he have "judgment for the sum set forth above."

The deed referred to in the petition was executed on May 18, 1921, by which Carl Poulk in consideration of $12,000 conveyed to O. T. Davis certain real estate situate in Cairo, Georgia. Under the contract executed at the same time, the execution of the deed is recited and the sale of certain personal property by Poulk to Davis, "said conveyance of the land and sale of goods and fixtures, accounts, etc., all being for a total consideration of $17,291.77, the same being the amount of indebtedness paid by the said party of the first part for the party of the second part, consisting of all indebtedness due Carl Poulk, party of the second part, to the Cairo Banking Co., also all other indebtedness due by said Carl Poulk on the market, said payment being made according to settlement by agreement and by composition in the United States court, and covers all court costs and attorney's fees." It was also provided in the contract that Carl Poulk was to retain possession of the real estate upon paying the interest on the loan to Davis, taxes on the property, and certain insurance premiums; and upon paying erty would be reconveyed to him; and upon failure to pay the the principal of the indebtedness within a certain time the property interest, taxes, etc., he was to surrender possession of the real estate.

The defendants filed demurrers to the petition, upon the grounds following: (1) That the petition is without equity, and fails to set forth equitable grounds for the relief prayed. (2) That it

fails to set forth a cause of action. (3) That the facts set forth do not authorize the prayer for recovery of judgment in any amount. (4) That the petition shows that the plaintiff, while seeking equitable relief, has failed and refused to do equity, in that he fails to tender the actual amount shown in the petition to be due by him. (5) That the facts set forth show' that all of the interest and usury, as well as the principal indebtedness of the said Carl Poulk, were paid in full more than twelve months prior to the bringing of the petition for the recovery of the forfeiture to which the plaintiff claims he is entitled by reason of the alleged usury contained in said notes; and that the right of the plaintiff, if any existed, to sue to recover the usury and interest thereby forfeited is barred by the statute of limitations. (6) That the petition fails to set forth legal and equitable grounds warranting cancellation of the deed and contract, which are valid and binding upon the parties hereto. There were also special demurrers.

The plaintiff amended his petition by setting up that he was in possession of the premises, stating the value thereof, and that "petitioner shows that it was his intention to read said instruments before making the delivery of same; and petitioner shows that after signing the same and realizing that said instrument was a deed to said O. T. Davis, he called the attention of the said O. T. Davis to the fact, whereupon the said O. T. Davis took petitioner by the shoulder and pushed him out of the house of the said Cairo Banking Co., retaining the papers so signed by petitioner, and petitioner shows that this constituted the only delivery made of said papers." After allowance of the amendment, the judge sustained the demurrer and dismissed the petition; and the plaintiff excepted.

*S. P. Cain,* for plaintiff.

*L. W. Rigsby* and *Branch & Snow,* for defendants.

HILL, J. (After stating the foregoing facts.) The Civil Code (1910), § 3438, provided that "Any person, company, or corporation violating the provisions of section 3436 shall forfeit the excess of interest so charged or taken, or contracted to be reserved, charged or taken." And § 3442 provided that "All titles to property made as a part of an usurious contract, or to evade the laws against usury, are void." The act of 1916 (Acts 1916, p. 48) repealed the sections above quoted; and in lieu thereof the legislature enacted:

(1) "Any person, company, or corporation, violating the provisions of section 3436 of the Code of 1910 shall forfeit the entire interest so charged or taken, or contracted to be reserved, charged or taken." (2) "That no further penalty or forfeiture shall be occasioned, suffered, or allowed further than as stipulated in section 1 hereof (the entire interest)." The contract in the present case was entered into after the passage of the act of 1916; and even if the contract is usurious, it will not void the security deed since the act of 1916. The only penalty incurred under that act is to "forfeit the entire interest so charged or taken, or contracted to be reserved, charged, or taken." And, "no further penalty or forfeiture shall be occasioned, suffered or allowed," etc. This being so, the deed was not void on account of the usury charged or taken, and the plaintiff was not entitled to have the deed canceled and set aside as void on account of its being tainted with usury. "He who would have equity must do equity and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Civil Code (1910), § 4521. "Before a borrower who has executed such a deed can have affirmative equitable relief, such as injunction to prevent exercise of the power of sale by the grantee in such security deed, he must pay or tender to such grantee the principal and lawful interest due to him." *Liles* v. *Bank of Camden County,* 151 *Ga.* 483 (107 S. E. 490), and cit.; *Brown* v. *Roughton,* 155 *Ga.* 828 (118 S. E. 557).

Nor would the present action lie to recover interest where usury was charged or collected, it appearing from the petition, and the date of filing it, that the suit was not brought within one year from the date of the payment thereof. Civil Code (1910), § 3441; *Camp Lumber Co.* v. *Citizens Bank,* 142 *Ga.* 84 (2) (82 S. E. 492). Furthermore, the plaintiff would have an adequate remedy at law to recover the interest, if it was not barred, without resorting to a court of equity. See, in this connection, *Liles* v. *Bank of Camden County,* supra; *Tennille Banking Co.* v. *Quinn,* 156 *Ga.* 159 (118 S. E. 644).

The court did not err in sustaining the demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurs in the result.