## 21306. HILLHOUSE v. ADAMS et al.

JENKINS, P. J. 1. While it is true that an action for the purchase-price of goods can not be altogether defeated by a plea of total failure of consideration, unless the evidence shows that they were totally worthless for any purpose (*Felder* v. *Neeves*, 36 *Ga. App.* 41, 135 S. E. 219, and cit.), still, where a contract is entered into by which one of the parties agrees to furnish material and do certain construction work in a workmanlike manner, the undertaking is an entire one (*Hunnicutt & Bellingrath Co.* v. *Van Hoose*, 111 *Ga.* 518, 36 S. E. 669; *Chamberlin* v. *Booth*, 135 *Ga.* .719, 720, 70 S. E. 569, 35 L. R. A. (N. S.) 1223), and, in the absence of proof of acceptance or part performance, there can be no recovery on the contract for labor performed or material furnished if there is a failure on the part of the contractor to perform the work in accordance with the contract. Civil Code (1910), § 4228; *Trustees of Monroe Female University* v. *Broadfield*, 30 *Ga.* 1; *Doster* v. *Brown*, 25 *Ga.* 24 (4), 26 (71 Am. D. 153); *Bandy* v. *Frierson*, 138 *Ga.* 515, 519 (75 S. E. 626); *Dolan* v. *Lifsey*, 19 *Ga. App.* 518 (91 S. E. 913).

2. In the instant case, while the evidence was in conflict, the jury were authorized to find that the plaintiff had failed to comply with his contract to furnish the material and cover a barn in a workmanlike manner, in that the roof leaked and the efforts of the plaintiff to remedy the defect had not been effective. They were further authorized to find that the defendants had not accepted the work as done. Consequently, the verdict in favor of the defendants can not be set aside as being unauthorized by the evidence.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 12, 1931.

*Smith & Ferguson,* for plaintiff. *C. A. Christian,* for defendants.