## McGRAW v. PLANTERS BANK OF PAVO *et al.*

ATKINSON, J. 1. "A deed executed by a borrower, since the act approved August 18, 1916 (Acts 1916, p. 48), relating to penalties for charging usury, to secure a debt infected with usury, and purporting to convey the title to the lender, is not void because so infected with usury. The only penalty to be incurred under the above act is to forfeit the entire interest charged or taken, or contracted to be reserved, charged, or taken. . . Before a borrower, who has executed a deed infected with usury, can have affirmative equitable relief, such as injunction to prevent exercise of the power of sale by the grantee in such security deed, he must pay or tender to the grantee the principal sum due." *Poulk* v. *Cairo Banking Co.,* 158 *Ga.* 338 (123 S. E. 292).

2. Where an action is based on exaction of usury, and "the prayer is to cancel an obligation for the payment of money, on the ground that it has been fully paid in so far as it is valid, the allegation, taken more strongly against the pleader, must unequivocally and clearly show that such payment in full has been made." *King* v. *Moore,* 147 *Ga.* 43 (3) (92 S. E. 757); *Brown* v. *Roughton,* 155 *Ga.* 828 (118 S. E. 557).

3. The allegations of the petition as amended were indefinite as to exaction of usury, and were subject to special demurrer. The evidence was also indefinite on that subject; and considering the amount of the two original loans which in the course of consolidation and renewals evolved into the notes in question, it does not appear that the full amount of the notes has been paid, by payments collected as interest.

4. The judge did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*

No. 9621. FEBRUARY 24, 1934.

*Hay & Gainey,* for plaintiff.
*Alexander & Jones* and *D. M. Parker,* for defendant.