26854. I. D. S. HOMES CORPORATION v. LUCAS et al.

UNDERCOFLER, Justice. This appeal is from the grant of an interlocutory injunction halting foreclosure proceedings under a security deed. The appellant contends that the injunction improperly issued because there was no tender of amounts admitted to be due. The appellee Lucas contends that tender was unnecessary because the security deed being foreclosed was usurious and without consideration.

The litigation grows out of Lucas' purchase of a prefabricated house from Adrian Housing Corporation for $7,365. The house was erected on Lucas' lot. Lucas gave Adrian

Housing Corporation a note and security deed for part of the purchase price. Thereafter the note and security deed were transferred to appellant. Lucas made twelve payments on the note. He then discontinued payments claiming defects in the house amounting to $2,195. The disclosure of information required by the Federal Truth in Lending Act shows the annual interest rate on the loan transaction was 12.1%. *Held:*

The evidence does not show a total failure of consideration. Therefore an amount is due on the note and security deed which must be tendered before equity will intervene. *Hillhouse v. Adams,* 44 Ga. App. 315 (1) (161 SE 274). He who seeks equity must do equity. *Code* § 37-104; *Oliver v. Slack,* 192 Ga. 7 (14 SE2d 593); *Bower v. Certain-Teed Products Corp.,* 216 Ga. 646 (119 SE2d 5). This is also true of a usurious contract. "Before a borrower, who has executed a deed infected with usury, can have affirmative equitable relief, such as injunction to prevent exercise of the power of sale by the grantee in such security deed, he must pay or tender to the grantee the principal sum due." *Poulk v. Cairo Banking Co.,* 158 Ga. 338 (123 SE 292); *McGraw v. Planters Bank of Pavo,* 178 Ga. 580 (1) (173 SE 643); *Redwine v. Frizzell,* 184 Ga. 230 (11) (190 SE 789). It follows that the trial court erred in granting the injunction.

*Judgment reversed. All the Justices concur.*

Argued December 13, 1971—Decided January 6, 1972.

*Paul J. Jones, Jr., Eric L. Jones,* for appellant.
*Dubignion Douglas, H. Dale Thompson,* for appellees.