## 30917. CITIZENS & SOUTHERN SOUTH DeKALB BANK v. WATKINS.

JORDAN, Justice.

The Citizens & Southern South DeKalb Bank appeals from the grant of an interlocutory injunction to

Charles H. Watkins, enjoining the bank from foreclosing two secondary security deeds.

On October 25, 1974, Watkins executed a note to the bank in the principal amount of $49,271.50, payable January 23, 1975, bearing interest at the rate of 13% per annum. This note was secured by two secondary security deeds. The bank sought to foreclose these deeds, and Watkins brought an action to enjoin the foreclosure sale claiming that the note was usurious and the indebtedness was not enforceable.

1. The first question for determination is whether the note of Watkins, bearing interest at 13%, was usurious.

The bank relies on Code Ann. § 57-119 (Ga. L. 1969, pp. 80-82) which provides: "Notwithstanding any contrary provision of law, any person . . . may in writing agree to pay, and may pay, such rate of interest as such person may determine, contract for, or agree to, on any loan, any advance of money, any forbearance to enforce a claim for the collection of money, any purchase price, any installment obligation or any obligation under which the principal balance to be repaid is $100,000 or more, or on any series of advances of money pursuant to a loan agreement or undertaking if the total principal balance to be repaid thereunder shall originally be $100,000 or more, or on any extension or renewal thereof, and as to any such transaction the claim or defense of usury by such person or its successor or anyone in its behalf is prohibited. There shall be no restrictions on the amount of interest which may be paid under the laws of the State of Georgia on any loan of $100,000 or more."

It is the contention of the bank that the maker and payee of the note of $49,271.50 were free to negotiate a rate of interest without restriction, under Code Ann. § 57-119, because Watkins owed the bank more than $100,000 at the time the $49,271.50 note was executed, or, in the alternative, that this note was one in a series of advances of money pursuant to a loan agreement or undertaking in which the total amount is $100,000 or more.

A statute making exceptions to the general usury statute must be strictly construed. *National Bondholders*

*Corp. v. Kelly,* 185 Ga. 788, 789 (196 SE 411) (1938); *Garner v. Sisson Properties,* 198 Ga. 203 (31 SE2d 400) (1944); *Graham v. Lynch,* 206 Ga. 301, 303 (57 SE2d 86) (1950); *Poteat v. Butler,* 231 Ga. 187 (200 SE2d 741) (1973).

The bank contends that the preamble of the 1969 Act (p. 80) shows that the Act's purpose was to allow persons who need large sums to finance their business ventures to negotiate large loans which they would not be able to obtain under the interest rates previously allowed. This preamble makes broad statements about the purpose of the Act being to make borrowers able to obtain funds of $100,000 or more, but the statute enacted limits its application to *any* loan, *any* advance of money, or *any* forbearance to enforce a claim for the collection of money. This language compels a construction that it is only where one particular transaction is in an amount of $100,000 or more that the interest rate has no restriction, unless the transaction comes within the definition of a series of advances of money. There is no indication in the statute that prior indebtedness of the maker of the note which is not under a loan agreement will authorize the negotiation of an interest rate without regard to the usury statutes.

The language in Code Ann. § 57-119 providing that the interest rate is without restriction "on any series of advances of money pursuant to a loan agreement or undertaking if the total principal balance to be repaid thereunder shall originally be $100,000 or more," certainly contemplates that there shall be an original agreement for a series of loans totaling a specific sum of $100,000 or more, and that the borrower would have a right to draw the sums specified under this agreement.

The trial judge found, and we think correctly, that the evidence showed that there had been no written or oral agreement between the parties that the bank would make a series of loans to Watkins which would total $100,000 or more. The bank had made Watkins several separate loans which totaled more than $100,000. At the time of making the prior loans there was no promise that a future loan would be made, but each loan was considered separately when Watkins had need of finances. The note for $49,271.50 was a consolidation of two notes of $13,000

and $16,000, and the remainder represented a credit on interest owed by Watkins on notes held by the bank.

Under the evidence at the hearing the note of Watkins for $49,271.50 was not one of a series as defined by Code Ann. § 57-119, and the trial judge correctly held that it did not come within the exception of Code Ann. § 57-119 and was usurious.

2. The next question for determination is what forfeiture would result from this charge of a usurious rate of interest.

The trial judge held that the 13% interest rate in the note exceeded the maximum allowed under the statutes (in effect at the time of making the note) applicable to loans secured by real estate (Code Ann. § 57-101.1; Ga. L. 1970, p. 174) and to loans secured by certain secondary security deeds (Code Ann. § 57-202 (d); Ga. L. 1966, pp. 574, 587; 1967, pp. 637, 638). He further held that Code Ann. § 57-203 (a), providing for the forfeiture of principal, interest, and charges for any violation of the secondary security deed statute, is applicable.

The attorneys representing Watkins state in their brief: "The note dated October 25, 1974, in the principal amount of $49,271.50 was a 90-day demand note not due in installments . . ., and thus Ga. Code Section 57-101.1 is the controlling section limiting the rate of interest." In a subsequent portion of their brief they argue that the penalty provided in Code Ann. § 57-203 (a) for violation of Code Ann. § 57-201 is applicable.

The Act regulating charges on secondary security deeds (Code Ann. § 57-201 et seq.) provides that a service charge not exceeding 10% (except for loans of $1,500 or less) may be added to the principal amount. After such charge is added to the principal, interest charges are permitted on this principal of 6% per annum computed in accordance with Code § 57-116, or 8% per annum if the rate is computed upon the unpaid principal balance outstanding at the time each payment is made. The law is primarily concerned with regulation of the service charge which may be added to the principal amount of the loan.

The note involved in this case did not purport to be made under the secondary security deed law. No service charge was made and no installment payments were

authorized. Code Ann. § 57-101.1, allowing 9% interest per annum on transactions secured by real estate, modifies all other interest statutes except specified statutes authorizing a greater rate of interest than 8% per annum. While the secondary security deed statute is one of the named statutes, the clear intention is that only where the permitted service charge makes the interest charge exceed 8% per annum is that statute excepted from those modified by Code Ann. § 57-101.1.

The note in the present case was subject to the interest limitation of Code Ann. § 57-101.1. A violation of that statute would cause a forfeiture of the entire interest charged as provided by the general forfeiture statute. Code § 57-112.

3. Since the interest only is subject to forfeiture, the principal amount of the indebtedness must be tendered before equity will intervene to prevent the foreclosure sale. *I. D. S. Homes Corp. v. Lucas,* 228 Ga. 521 (186 SE2d 745) (1972).

The trial judge erred, therefore, in granting the interlocutory injunction.

*Judgment reversed. All the Justices concur, except Ingram, J., who dissents from Divisions 1 and 2, and Nichols, C. J., who is disqualified.*

ARGUED MARCH 15, 1976 — DECIDED APRIL 20, 1976 —
REHEARING DENIED MAY 4, 1976.

*Tarleton, Zion & Meiere, Paul L. Meiere, Mark J. Siskin, Alston, Miller & Gaines, James S. Stokes, IV,* for appellant.

*Huie, Ware, Sterne, Brown & Ide, W. Stell Huie, Terrence Lee Croft, C. Wilson Dubose,* amicus curiae.

*Hatcher, Myerson, Oxford & Irvin, Jack A. Wotton,* for appellee.