## 39521. FIDELCOR MORTGAGE COMPANY OF GEORGIA, INC. v. TYROFF et al.

CLARKE, Justice.

Appellees Trio (a corporation) and Tyroff (an individual) issued a promissory note to Fidelcor as part of a loan agreement of December 24, 1980. The interest payable was, by agreement of the parties, to "float" from month to month at 6 percent above the prime interest rate charged by Fidelity Bank of Philadelphia. Two deeds to secure debt were granted Fidelcor, a security deed to corporate property given by Trio and a second security deed given by Tyroff to his residence. Subsequently Trio and Tyroff assigned to their attorneys Jones, Ludwick and Malone (JL&M) all rights to any causes of action against Fidelcor arising out of the loan transaction.

On June 18, 1982, appellees filed a complaint alleging that the loan agreement violated OCGA § 7-4-31 (Code Ann. § 57-201) and was null and void. They prayed that Fidelcor forfeit all principal and interest and return previous payments. OCGA § 7-4-33 (a) (1) (Code Ann. § 57-203). Appellees alternatively sought a declaration that the Loan Closing Statement violated OCGA § 7-4-34 (Code Ann. § 57-204) and that Fidelcor should forfeit all interest under OCGA § 7-4-33 (a) (2) (Code Ann. § 57-203).

Fidelcor accelerated the note in July 1982, and began foreclosure proceedings, seeking to foreclose only on the commercial property. Appellees obtained an injunction against the sale. Fidelcor appeals.

We are called upon to construe two Code sections, Code Ann. § 57-118 (present OCGA § 7-4-6) and Code Ann. § 57-201 (present OCGA § 7-4-31). Code § 57-118 has not been changed since 1979. Code § 57-201 was amended in 1982 to apply only to loans under $5,000.00. However, the loan in question here was made prior to that date. Since the loan was made prior to the effective date of the Official Code of Georgia, the issue in this appeal involves a construction of the code of 1933 sections as they existed at that time, Code Ann. § 57-118 and Code Ann. § 57-201.

Code § 57-118 provided that "[n]otwithstanding any contrary provision of law, any . . . corporations . . ., or any persons with respect to a loan for nonconsumer purposes, may in writing agree to pay such rate of interest as such corporations or persons may determine on a loan under which the principal balance to be repaid shall . . . exceed the sum of $3,000.00 . . . and as to any such transaction the claim or defense of usury by such corporations or persons or their successors or anyone in their behalf is prohibited. . . ." (Code Ann. § 57-118, Ga. L. 1979, pp. 355, 356-357). Code Ann. § 57-201 limited the rate of charge on loans secured by a second security deed on residential real

estate consisting of four or less family dwelling units to 10 percent of the principal amount.

Appellant contends that the loan in question here falls squarely within the language of § 57-118 and that the question of whether the rate of charge provision of § 57-201 has been violated does not arise. Appellees insist that the loan was converted into a § 57-201 loan by the second security deed on the residence of Tyroff and that the permissible rate of charge was exceeded by Fidelcor.

We need not address the question of whether the loan here includes a rate of charge which violates § 57-201. This is true because we find that the loan in question is a § 57-118 loan, to which the rate of charge limitation does not apply. Fidelcor has shown us a number of cases which demonstrate that various categories of individuals who have signed notes with corporations as endorsers, sureties, guarantors, etc., are not entitled to a usury defense if the corporation is not so entitled under § 57-118. *Trust Investment &c. Co. v. First Georgia Bank,* 238 Ga. 309 (232 SE2d 828) (1977); *Reynolds v. Service Loan &c. Fin. Co.,* 116 Ga. App. 740 (158 SE2d 309) (1967). These cases do not address the precise question here for two reasons. First, these cases are distinguishable because the individual and the corporation in this case are co-makers. Secondly, since 1979, § 57-118 has enabled lenders to make nonconsumer loans of over $3,000.00 at a negotiated rate of interest to individuals as well as corporations, and there can no longer be any doubt that the individual maker of a § 57-118 loan has waived any defense of usury. The real question before us is whether § 57-118 can be applicable to an individual whose loan is secured by a second security deed on a residence. Is such a loan, although ostensibly a § 57-118 loan, converted into a § 57-201 loan by the presence of the second security deed and made subject to the limitations of § 57-201? We find that it is not.

The key to whether or not the loan in question is a § 57-118 loan or a § 57-201 loan lies in the intent of the parties. We held in *C & S South DeKalb Bank v. Watkins,* 236 Ga. 759 (225 SE2d 266) (1976), when a loan falls into the area in which there is an overlap between two provisions of the law, we will look to the intent of the parties to classify the loan. In this case Tyroff, the individual, signed an affidavit as part of his loan application to the effect that the proceeds of the loan were to be used for nonconsumer purposes. Further, as secretary of the corporation, of which he is also president, Tyroff signed a corporate resolution to the effect that the proceeds were to be used exclusively for business and commercial purposes. Although appellees now contend that the assertion in the affidavit as to the use of the proceeds was untrue, the fact that the assertion was made at all bolsters appellant's contention that the borrower intended to bargain

with the lender to obtain a § 57-118 loan. The complaint containing no allegations of fraud, Tyroff's testimony that he did not understand the import of his affidavit will not now serve to negate the intent apparent from the affidavit and corporate resolution which he signed. Finally, the fact that no separately denominated rate of charge, as that term is defined in § 57-202 (a) (OCGA § 7-4-30), was included in the loan is another indication that the loan was intended to be a § 57-118 loan.

The language of § 57-118 indicates the General Assembly's awareness that § 57-118 would overlap other statutes and its intention that it be an exception to the usury statutes. As we held in *C & S South DeKalb Bank v. Watkins,* supra, the applicability of § 57-118 in an overlap situation depends upon the intention of the parties. Based on that decision, the Attorney General has rendered an opinion that a lender may charge any rate of interest negotiated for a nonconsumer loan in excess of $3,000.00 even though the indebtedness is secured by a second security deed on residential property improved by four or less family dwelling units. 1979 Opinions of the Attorney General, No. 79-63. We agree.

The trial court's order which is the subject of this appeal grants an interlocutory injunction against Fidelcor's foreclosing upon the "real property which serves as the security for the December 24, 1980, promissory note executed by James Tyroff, Jr., and Trio Mobile Homes, Inc., during the pendency of this action." We reverse as to the corporate property. No question of foreclosure upon the individual property is before us.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 3, 1983 —
REHEARING DENIED MAY 24, 1983.

*Lefkoff, Pike, Fox & Sims, Jerry L. Sims, Alexander P. LeVorse,* for appellant.

*Jones, Ludwick & Malone, Timothy R. Brennan, Taylor W. Jones,* for appellees.