S94A1092. R.R.R. LIMITED PARTNERSHIP v. RECREATIONAL
SERVICES, INC.
(448 SE2d 211)

CARLEY, Justice.

Appellee-plaintiff borrowed a sum of money from appellant-defendant. The loan was secured by real property which appellee conveyed to appellant pursuant to a deed to secure debt containing a power of sale. After the loan went into default, appellee brought the instant action, seeking to enjoin appellant from foreclosing pursuant to the power of sale in the security deed. The trial court granted an interlocutory injunction, but refused to require that appellee tender to appellant any amount due on the loan. Appellant appeals from this order of the trial court.

1. A borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in a deed unless he first pays or tenders to the creditor the amount admittedly due.

*Coile v. Finance Co. of America*, 221 Ga. 584, 585 (146 SE2d 304) (1965). Although appellee did allege that the underlying loan is usurious and submitted evidence in support of this allegation, this would not authorize the trial court to excuse appellee's failure to tender to appellant any amount whatsoever.

"Before a borrower, who has executed a deed infected with usury, can have affirmative equitable relief, such as injunction to prevent exercise of the power of sale by the grantee in such security deed, he must pay or tender to the grantee the

principal sum due." [Cits.]

*I.D.S. Homes Corp. v. Lucas*, 228 Ga. 521, 522 (186 SE2d 745) (1972). Since, as to an allegedly usurious loan, "the interest only is subject to forfeiture, the principal amount of the indebtedness must be tendered before equity will intervene to prevent the foreclosure sale. [Cit.]" *C & S South DeKalb Bank v. Watkins*, 236 Ga. 759, 763 (3) (225 SE2d 266) (1976).

2. Appellee also alleged that the underlying loan constituted an "extortionate extension of credit" as defined in 18 USC § 891 (6):

> An extortionate extension of credit is any extension of credit with respect to which it is the understanding of the creditor and the debtor at the time it is made that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation, or property of any person.

Appellee and appellant submitted conflicting evidence as to this allegation. Appellee urges that, based upon the conflicting evidence, the trial court was authorized to find that the underlying loan is illegal and unenforceable and that, therefore, it would not be necessary that any amount be paid or tendered to appellant as a condition to seeking to enjoin the foreclosure sale. Since the loan agreement and security deed are in writing, there is some question as to whether appellee's evidence should even be deemed admissible. The alleged "understanding" is not in writing and, to show its existence, appellee necessarily relied upon parol evidence. "Parol evidence is inadmissible to add to, take from, or vary a written contract." OCGA § 13-2-2 (1).

> The parol evidence rule prohibits the introduction of parol evidence of a prior or contemporaneous oral agreement to alter, vary or change the unambiguous terms of a written contract. [Cits.] A promissory note is an unconditional contract whereby the maker engages that he will pay the instrument according to its tenor. [Cits.] In the absence of fraud, accident or mistake an unconditional promissory note cannot be changed into a conditional obligation by parol evidence. [Cits.]

*Dolanson Co. v. C & S Nat. Bank*, 242 Ga. 681, 683 (1) (b) (251 SE2d 274) (1978).

> [W]here, upon its face, a written contract . . . is legal, parol evidence is inadmissible, in an action to enforce the contract, to show [a] private understanding [of performance] in some

illegal manner. . . .

*County of Walton v. Powell & Davenport*, 94 Ga. 646 (19 SE 989) (1894). If parol evidence of a purported illegal "understanding" were deemed admissible and probative of a viable defense to the lender's enforcement of a written loan agreement and security deed which are valid on their face, there would be few, if any, who would lend money in this state. No lender could rely upon facially valid instruments to enforce the borrower's repayment or to secure the debt.

In any event, the federal statute upon which appellee relies merely serves to criminalize the lender's alleged act of making an "extortionate extension of credit." 18 USC § 892 (a). Nothing whatsoever in that federal statute purports to render the underlying loan agreement *itself* illegal and civilly unenforceable against the borrower. Compare *Flournoy v. Highlands Hotel Co.*, 170 Ga. 467, 471 (153 SE 26) (1930) (express civil statutory provision allowing repudiation of contract).

In this state, "[a] contract *to do* an . . . illegal thing is void." (Emphasis supplied.) OCGA § 13-8-1. However, there is nothing inherently "illegal" in an agreement whereby one party merely agrees to lend money and the other party merely agrees to repay it. The remedies to be pursued by the lender in the event of breach relate not to the borrower's contractual performance, but to his contractual nonperformance. Accordingly, any additional "understanding" as to the illegal means which the lender threatens that he will utilize in the event that the borrower does *not* perform his legal contractual obligation to repay would merely be collateral to the underlying loan agreement itself and incidental thereto. See generally *Crooke v. Gilden*, 262 Ga. 122 (414 SE2d 645) (1992).

The existence of that collateral and incidental "understanding" may result in the imposition of criminal sanctions against the lender under the federal statute or the imposition of both criminal and civil sanctions against him under applicable state statutes. See generally OCGA §§ 16-11-37; 51-1-1. However, it would not constitute a viable defense to the borrower's own civil obligation to repay the loan in full accord with the legally enforceable provisions of the contract to which he agreed.

> "[T]he rule that an agreement in violation of law is invalid does not always apply where the existence of the thing in question is due to a violation of law only in the sense that incidentally some law was violated in its production, where it might have been created without such violation." [Cit.] Here, the contract was for a legal purpose, and did not *require* a violation of [any statute] in order for [appellee] to perform

under the contract. There may or may not have been a violation of [the federal criminal statute], but such violation was not required by the contract and was incidental to contract[ual] performance."

(Emphasis in original.) *Shannondoah, Inc. v. Smith,* 140 Ga. App. 200, 202-203 (230 SE2d 351) (1976). Thus, appellant's alleged violation of the federal criminal statute would not be a viable basis for the trial court to excuse appellee's failure to tender to appellant the principal amount of the indebtedness.

3. Because appellee neither paid nor tendered the balance due on the debt, the trial court erred in granting the injunction. *I.D.S. Homes Corp. v. Lucas,* supra at 522.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1994.

*Valente & Strauss, John J. Strauss,* for appellant.
*Awtrey & Parker, Mike D. Harrison, Ronald S. Leventhal, Hugh O. Brock III,* for appellee.