A98A0574. FOSS v. PROBATE COURT OF CHATHAM COUNTY.
(502 SE2d 278)

BLACKBURN, Judge.

Gregory Foss appeals the denial by the Probate Court of Chatham County of his application to renew his permit to carry a pistol. For the reasons discussed below, we affirm.

On October 21, 1985, Foss was convicted for felony possession of a controlled substance, driving under the influence, and improper lane usage. Foss was given first offender status as part of a negotiated plea, and he was sentenced to probation. On November 14, 1986, the Superior Court of Chatham County granted an order of discharge, terminating Foss' probation early. Five years after the termination of his probation, Foss applied to the Probate Court for a pistol permit, which was granted on December 27, 1991. When Foss attempted to have his license renewed in 1996, however, the Probate Court denied his application based on OCGA § 16-11-129 (b) (5) (A).

This case presents an interpretation of two statutes: the first offender statute and the pistol permit statute. Georgia's first offender statute provides: "Upon fulfillment of the terms of probation, upon release by the court prior to the termination of the period thereof, or upon release from confinement, the defendant shall be discharged without court adjudication of guilt. The discharge shall completely exonerate the defendant of any criminal purpose and shall not affect any of his civil rights or liberties; and the defendant shall not be considered to have a criminal conviction." OCGA § 42-8-62 (a).

OCGA § 16-11-129 (b) (5) (A), which became effective on April 16, 1990, provides that a license to carry a pistol shall not be granted to "[a]ny person . . . who has been convicted of an offense arising out of the unlawful manufacture, distribution, possession, or use of a controlled substance or other dangerous drug." OCGA § 16-11-129 (b) (5) (B) (ii), in turn, explains that "convicted" means, among other things, "the affording of first offender treatment by a court of competent jurisdiction irrespective of the pendency or availability of an appeal or an application for collateral relief." Thus, as a first offender for possession of a controlled substance, Foss falls into the class of persons to whom a permit may not be granted.

Foss was extended first offender status in 1985, five years before the enactment of OCGA § 16-11-129 (b) (5). Foss completed his first offender prerequisites and was discharged in 1986. At the time Foss elected first offender status, the first offender statute provided that his successful discharge "shall not affect any of his civil rights or liberties." Foss now argues that OCGA § 16-11-129 (b) (5) conflicts with the first offender statute and retroactively removes his vested right to have his first offender disposition "not affect any of his civil rights or liberties." We disagree.

"The settled rule for the construction of statutes is not to give them a retrospective operation, unless the language so imperatively requires. . . . The legal presumption is against retroactively applying a statute to destroy vested rights and interests." (Punctuation omitted.) *Dept. of Corrections v. Hicks*, 209 Ga. App. 154, 155 (433 SE2d 64) (1993). "Laws prescribe only for the future; they cannot impair the obligation of contracts nor, ordinarily, have a retrospective operation." OCGA § 1-3-5.

The operation of OCGA § 16-11-129 (b) cannot be considered to be retroactive in its application to Foss. In essence, Foss argues that the right to renew a pistol license becomes a vested right once the original license has issued, and he cannot be denied a renewal thereof. The original license was issued for a specific term and such term expired. Foss was only entitled to a renewal license if he met the qualifications therefor at the time of renewal. Otherwise, the legislature would be unable to amend the statutory requirements for obtaining a license so as to deny such license to *any* present holder thereof upon renewal. Therefore, application of OCGA § 16-11-129 (b) to Foss was prospective in nature, not retrospective, and this statutory amendment did not impair Foss' civil rights and liberties as they existed prior to the passage of the statute, with or without reference to the first offender statute, contrary to Foss' contention.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED APRIL 29, 1998 —
RECONSIDERATION DENIED MAY 21, 1998.

*William O. Cox*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Lee, Black, Scheer & Hart, R. Jonathan Hart, Emily E. Garrard*, for appellee.