A98A2209. PARKER v. WELBORN et al.
(511 SE2d 917)

BLACKBURN, Judge.

Eleanor Parker appeals the trial court's orders granting the defendants' motions for summary judgment in the underlying premises liability action. On appeal, Parker contends that issues of fact preclude summary judgment. Because the evidence in this case is plain, palpable, and undisputable, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

In the present case, defendant James Welborn listed his house with defendant Spinks Brown Durand Realtors for the purpose of selling it. Defendant Tammie Owen, an independent real estate agent associated with Spinks Brown Durand Realtors, held an open house in Welborn's home. Eleanor Parker and her husband attended the open house, and, while there, Parker fell down the basement stairs.

Parker deposed that she was looking for a bathroom when she fell. Parker walked into the hall, which was brightly lit, and opened the first door she saw, which she assumed was the bathroom door. The door instead led to the basement, and Parker stepped into the

stairwell as she was opening the door. As she was expecting to step onto a floor, she missed the first step and was unable to hold onto the door. Parker deposed that the stairwell was brightly lit and that she saw the stairs when she looked down, but was unable to stop her fall.

Parker brought the underlying action to recover damages for the injuries she alleges she received as a result of her fall. In her complaint, Parker contended that Welborn's stairwell constituted a dangerous latent condition which was defective because it had no rails or landing, and that the defendants failed to warn her of such condition.

1. In *Robinson v. Kroger Co.*, 268 Ga. 735, 747 (2) (b) (493 SE2d 403) (1997), our Supreme Court modified the burden of proof required on motion for summary judgment in a slip-and-fall case. "A slip-and-fall plaintiff need not necessarily produce evidence which disproves the plaintiff's negligence to withstand a motion for summary judgment — the burden of coming forward with such evidence arises only after it has been established or assumed the defendant had actual or constructive knowledge of the hazard, and the defendant presents evidence that the plaintiff's injuries were proximately caused either by the plaintiff's voluntary negligence, i.e., plaintiff's intentional and unreasonable exposure of self to a hazard of which plaintiff has knowledge, or by the plaintiff's casual negligence, i.e., the plaintiff's failure to exercise ordinary care for personal safety. In this way, the defendant has the evidentiary burden as to the issue of the plaintiff's negligence after it has been established or assumed for purposes of a motion for summary judgment that the defendant was negligent, i.e., that the defendant had actual or constructive knowledge of the existence of a hazard on its premises. Only after the defendant has produced evidence of the plaintiff's negligence does the plaintiff have the burden of producing rebuttal evidence that the invitee's failure to ascertain the existence of the hazard was due to actions or conditions within the control of the defendant, which actions or conditions are of such a nature that the defendant knew or should have known they would have diverted the invitee's attention from looking where he was going." Id. at 747-748.

In the present case, assuming for the purposes of summary judgment that Welborn's stairwell was a defective condition, the defendants herein have presented evidence that Parker's injuries were proximately caused by her own negligence. Parker admitted that she assumed that the door she opened was the bathroom based solely on her opinion that the location was a convenient one for the bathroom. Thereafter, without looking at all, she stepped into the lit stairwell and fell. This case is distinguishable, therefore, from the cases cited in *Robinson*, supra, where the Court found a jury issue remained regarding the plaintiff's failure to look where she put her foot. Herein, the plaintiff failed to look not just at where she put her foot,

but at the space she was entering. After making unfounded assumptions about its nature, she blindly entered the stairwell space with which she had no familiarity.

Failure to look does not necessarily constitute failure to exercise ordinary care. Rather, "the issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation." *Robinson*, supra at 748. In the present case, we find that the evidence is plain and palpable that in walking blindly into an unfamiliar room through a closed door, Parker failed to exercise the prudence of an ordinarily careful person. The trial court did not err in granting defendants' motions for summary judgment.

2. The defendants contend that Parker was a licensee rather than an invitee at the time of her fall, because she was not viewing Welborn's house for her own interest, but was merely there with her relatives who were interested in purchasing a house. However, we do not address this issue because even under the more stringent standard imposed on owners or occupiers of land with regard to invitees, the trial court did not err in granting defendants' motions for summary judgment.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 9, 1999.

*Charles D. Mays*, for appellant.
*Willis, McKenzie & Long, Edward L. Long, Jr.*, for appellees.