## A00A0301. BRYANT v. PMC CAPITAL, INC.
### (535 SE2d 319)

BLACKBURN, Presiding Judge.

In this breach of contract action, Bruce S. Bryant appeals from the trial court's grant of summary judgment to PMC Capital, Inc., contending that the trial court erred by finding the contract unenforceable because it violated the regulations of the Small Business Administration (SBA). Because we find, under the facts of this case, that the trial court improperly applied the regulations to the alleged contract, we reverse the grant of summary judgment.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Punctuation omitted.) *Parker v. Welborn*, 236 Ga. App. 344 (511 SE2d 917) (1999).

Viewed in this light, the record shows that, in fall 1994, Bryant, a mortgage broker, was helping a client obtain a construction and permanent loan for the construction of a hotel. Bryant contacted PMC Capital, which makes commercial loans. At a meeting about the loan, PMC Capital orally agreed that Bryant would be entitled to a "referral fee" in the amount of two percent of the SBA-guaranteed portion of the loan. The agreement was never put in writing. The loan was preliminarily approved on December 20, 1994.

Effective January 1, 1996, new SBA regulations required:

> [a]ny Applicant, Agent, or Packager must execute and provide to SBA a compensation agreement, and any Lender Service Provider must execute and provide to SBA a Lender Service Provider agreement. Each agreement governs the compensation charged for services rendered or to be rendered . . . in any matter involving SBA assistance. . . . Each Lender Service Provider must enter into a written agreement with each lender for whom it acts in that capacity. SBA will review all such agreements.

13 CFR 103.5 (a) and (c). PMC Capital and Bryant did not execute such an agreement.

Ultimately, the loan, guaranteed in part by SBA, closed on June 28, 1996. After the loan closed, Bryant requested that PMC Capital pay a referral fee in the amount of $15,000. PMC Capital refused to pay the fee, arguing that it had never agreed to pay a fee to Bryant. Bryant then sued to recover the fee, and PMC Capital moved for summary judgment.

1. The trial court granted summary judgment to PMC Capital on the grounds that the alleged contract was illegal and unenforceable. The trial court determined that the alleged contract violated SBA regulations because Bryant was a lender service provider who had not entered into a Lender Service Provider Agreement as required by the subsequently enacted regulations. On appeal, Bryant contends the trial court's findings are erroneous, arguing that the regulations at issue did not apply to the contract. We agree.

Viewing the evidence and all reasonable inferences in favor of Bryant, the nonmovant, we must consider the oral agreement for a two percent referral fee was valid and enforceable at the time of contracting. See *Parker*, supra. The subsequently enacted SBA regulations could not affect the parties' rights in the validly entered contract. Furthermore, Bryant's contentions that he originated the loan prior to the effective date of the regulations, without evidence to the contrary, would be sufficient to survive PMC Capital's motion for summary judgment.

" 'Laws prescribe only for the future; they cannot impair the obligation of contracts nor, ordinarily, have a retrospective operation.' OCGA § 1-3-5." *Foss v. Probate Court of Chatham County*, 232 Ga. App. 612, 613 (502 SE2d 278) (1998). Thus, the subsequently enacted regulation cannot be used as a defense to a claim under the alleged contract. In this case, the trial court erroneously gave the SBA regulations retroactive operation which impaired the obligations under a pre-existing contract. Consequently, the trial court erred by finding the alleged contract unenforceable for this reason and by granting summary judgment to PMC Capital on this basis.

Furthermore, while it is true that "[a] contract to do an immoral or illegal thing is void," OCGA § 13-8-1, the contract is void only if the object or purpose of the contract is illegal. When the illegality is only tangential to the contract, it does not operate to void the contract. *R.R.R. Limited Partnership v. Recreational Svcs.*, 264 Ga. 494, 495 (2) (448 SE2d 211) (1994); *Shannondoah, Inc. v. Smith*, 140 Ga. App. 200 (230 SE2d 351) (1976). Thus in this case, even if the regulation applied to the alleged contract, the failure of Bryant to enter into a separate SBA-approved agreement is tangential and does not make the purpose of the alleged contract illegal.

2. As questions of fact remain with regard to Bryant's breach of contract claim and the viability of PMC Capital's other defenses, we cannot determine whether or not PMC Capital acted in bad faith, has been stubbornly litigious or caused Bryant unnecessary trouble and expense. Accordingly, we reverse the trial court's grant of summary judgment to PMC Capital on Bryant's claim to recover attorney fees and expenses of litigation under OCGA § 13-6-11.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED JUNE 1, 2000.

*G. Watson Bryant, Jr.*, for appellant.
*Lawson, Davis, Pickren & Seydel, Paul R. Jordan*, for appellee.