[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15900
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00719-RLV

LINDA STABB,

Plaintiff-Appellant,

versus

GMAC MORTGAGE, LLC,
MORTGAGECLOSE.COM, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
DOES 1 - 6,

Defendants-Appellees,

FEDERAL HOME LOAN MORTGAGE CORPORATION,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 21, 2014)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Linda Stabb appeals the district court's dismissal of her amended petition against multiple financial institutions and fictitious parties seeking declaratory and equitable relief to stop foreclosure proceedings, as well as a claim for quiet title. Stabb also appeals the denial of her subsequent motion for reconsideration. For the reasons that follow, we affirm.

I.

The relevant background facts are as follows. In December 2007, Stabb signed a promissory note (Note) in favor of MortgageClose.com, Inc. (MortgageClose) to finance the purchase of real property in Cobb County, Georgia (the Property). To secure the indebtedness, Stabb executed a security deed (Security Deed) in favor of Mortgage Electronic Registration Systems, Inc., (MERS), as nominee for MortgageClose. The Security Deed contained a power of sale, which authorized MERS and its successors and assignees to conduct a foreclosure sale in the event that Stabb defaulted on the loan. MortgageClose later

2

sold the Note to the Federal Home Loan Mortgage Corporation (Freddie Mac), and GMAC Mortgage, LLC (GMAC) was appointed to service the loan.  In January 2012, MERS assigned the Security Deed to GMAC and recorded the assignment in county property records.  At the time of the assignment, MortgageClose's corporate status had been revoked.

Stabb later defaulted on the loan, and the property was scheduled to be sold at a non-judicial foreclosure sale.  In February 2013, Stabb filed the instant action in state court against GMAC, MERS, MortgageClose, and certain fictitious parties (collectively "the defendants"), as well as Freddie Mac, seeking to quiet title and enjoin the foreclosure of the Property.[1]  After the action was removed to federal court, Stabb filed an amended petition, in which she argued, among other things, that GMAC did not possess the requisite legal rights to foreclose because (1) Freddie Mac was the holder of the Note and GMAC was merely acting as its servicing agent, and (2) the assignment of the Security Deed was defective.  The defendants moved to dismiss the amended petition for failure to state a claim, which the district court granted.

Stabb next filed a motion for reconsideration, arguing, *inter alia*, that GMAC's foreclosure on behalf of Freddie Mac involved U.S. government action,[2]

---

[1] Stabb later moved to voluntarily dismiss Freddie Mac from the action.

which deprived her of her property rights, in violation of the Fifth Amendment. The district court denied the motion. This is Stabb's appeal.

II.

A. Motion to Dismiss

"We review *de novo* the district court's grant of a motion to dismiss under [Fed.R.Civ.P.] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation omitted). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and so must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Georgia law permits non-judicial power of sale foreclosures "as a means of enforcing a debtor's obligation to repay a loan secured by real property." *You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428, 430 (Ga. 2013). Non-judicial

---

[2] In September 2008, Freddie Mac and the Federal National Mortgage Association were placed into conservatorship with the Federal Housing Finance Agency (FHFA) as conservator, pursuant to 12 U.S.C. § 4617. We granted the FHFA's motion to intervene in the instant appeal.

4

foreclosures are governed primarily by contract law. *Id.* Under Georgia law, a security deed that includes a power of sale is a contract that controls "the rights of the parties thereto and their privies." *Gordon v. S. Cent. Farm Credit, ACA*, 446 S.E.2d 514, 515 (Ga. Ct. App. 1994) (quotation omitted). The assignment of the pertinent security deed diminishes none of the instrument's powers. *See* O.C.G.A. § 44-14-64(b); O.C.G.A. § 23-2-114.

We find no merit to Stabb's assertion that the district court erred by dismissing her suit. The factual allegations in Stabb's amended petition establish that Stabb defaulted on the pertinent loan obligation; that the Security Deed—signed by Stabb—was assigned from MERS to GMAC; and that GMAC is now initiating foreclosure proceedings on the Property.

Here, there is no dispute that because GMAC held the Security Deed at the time of the proposed foreclosure, it had the authority to foreclose on the Property in accordance with the Security Deed's power of sale. *See You*, 743 S.E.2d at 433 (concluding that "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed"). Stabb maintains she retains a claim of title to the Property due to a defect in GMAC's title resulting from the revocation of MortgageClose's corporate status at the time of the assignment. *See Smith v. Georgia Kaolin Co., Inc.*, 498

5

S.E.2d 266, 267-68 (Ga. 1998) (A plaintiff pursuing a quiet title action in Georgia "must assert that [s]he holds some current record title or current prescriptive title, in order to maintain [her] suit") (emphasis and quotation omitted). But Georgia courts have repeatedly held that a debtor does not have standing to challenge the assignment of a security deed. *See, e.g., Montgomery v. Bank of Am.*, 740 S.E.2d 434, 438 (Ga. Ct. App. 2013) (noting that as a non-party to an assignment, a borrower lacks standing to contest the validity of the assignment of a security deed). Moreover, contrary to Stabb's assertion, she does not have an "equitable interest" to the Property because she remains in default on the loan. *See R.R.R. Ltd. P'ship v. Recreational Servs., Inc.*, 448 S.E.2d 211, 214 (Ga. 1994) (explaining that a deed of trust borrower was not entitled to equitable relief related to foreclosure sale because it had neither paid nor tendered balance due on debt).

Absent a properly-supported claim that GMAC's title has some fatal defect preventing foreclosure, Stabb's amended petition does not contain sufficient factual matter—even when accepted as true—to state a claim for relief that is plausible on its face. Accordingly, the district court properly granted the defendants' motion to dismiss.

B. Motion for reconsideration

We review the denial of a motion for reconsideration for abuse of discretion. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010). The only grounds for

granting such a motion are newly-discovered evidence or manifest errors of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. *See id.*

Here, Stabb's motion contained no permissible grounds for reconsideration but merely relitigated old issues and raised new issues. We need not consider Stabb's constitutional claims, including her assertion that Freddie Mac is a government actor, because she raised these arguments for the first time in her motion for reconsideration. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (noting that a party is prohibited from utilizing a motion for reconsideration to raise new arguments that were "previously available, but not pressed").

**AFFIRMED.**